## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERFLY, INC.; and THISLIFE.COM, INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-05351 |

## PLAINTIFF'S MOTION TO APPOINT CAREY RODRIGUEZ O'KEEFE MILIAN GONYA, LLP AND LITE DEPALMA GREENBERG, LLC AS INTERIM CO-LEAD CLASS COUNSEL

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiff Brian Norberg respectfully requests that the Court enter an Order appointing Carey Rodriguez O'Keefe Milian Gonya, LLP ("Carey Rodriguez") and Lite DePalma Greenberg, LLC ("Lite DePalma") (collectively, the "Proposed Co-Leads") as interim co-lead class counsel on behalf of the putative class.[1]

### BACKGROUND

On June 17, 2015, Plaintiff initiated this action with a Class Action Complaint, alleging that Defendants Shutterfly, Inc. ("Shutterfly") and ThisLife.com, Inc. ("ThisLife") collected, stored and used the biometrics of thousands of Illinois residents in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* (ECF No. 1). As a result of Defendants' illegal facial recognition technology, Plaintiff and the members of the class are entitled to statutory

---

[1] Plaintiffs' counsel has conferred with counsel for Defendant Shutterfly, Inc. regarding this motion, who stated that Shutterfly takes no position on the relief requested herein.

damages of at least $1,000 and up to $5,000 for each BIPA violation. On June 23, 2015, Plaintiff filed the First Amended Class Action Complaint, which is the operative pleading. (ECF No. 6).

## ARGUMENT

Appointing the Proposed Co-Leads as interim class counsel to represent Plaintiff and the putative class will ensure "efficiency and economy without jeopardizing fairness to the parties" in this litigation. *See Manual for Complex Litigation, Fourth, Federal Judicial Center* (2004) ("Manual") § 10.221 (explaining purpose of interim counsel appointment).

Pursuant to Rule 23(g)(3), "a court may designate interim counsel to act on behalf of a putative class *before determining whether to certify the action as a class action*." Fed. R. Civ. P. 23(g)(3) (emphasis added). The Manual summarizes the responsibilities of lead counsel as follows:

> **Lead counsel.** Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group — either personally or by coordinating the efforts of others — in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Id.*

In appointing class or interim counsel under Rule 23(g) of the Federal Rules of Civil Procedure, the Court must consider:

- counsel's experience in handling class actions;
- counsel's knowledge of the BIPA and the technology implicated in this case;
- the resources that counsel will commit to representing the class; and
- the work counsel has done in identifying or investigating potential claims in the action.

*See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

As discussed below, the Proposed Co-Leads easily satisfy all of the Rule 23(g) requirements, and are well-suited for this important role. The attorneys of the Proposed Co-Leads are complex class action experts who are well-versed in the biometrics technology underpinning this lawsuit. They have devoted substantial resources investigating, identifying and preparing the claims alleged in the Complaint, and are committed to protecting the interests of the class going forward. Moreover, appointing the Proposed Co-Leads as interim class counsel will prevent any confusion as to which attorneys have authority to proceed with discovery and otherwise act on behalf of the putative class during these pre-certification proceedings.

## I. The Proposed Co-Leads Have Wide Ranging Experience in Both Complex Class Action Litigation And Biometrics Database Technology – A Unique Skillset That Will Be of Great Benefit to the Class.

The Proposed Co-Leads have recognized expertise in both complex class action litigation and biometrics technology, and have used these skills to thoroughly investigate this case and carefully prepare the Complaint.

### a. Carey Rodriguez (David P. Milian & Frank S. Hedin)

As graduates from the country's top law schools, former federal district and circuit court clerks, and seasoned litigators whose representation is regularly requested in matters of significant importance, the attorneys of Carey Rodriguez have a wide range of complex class action litigation experience that will serve the class well in this case. Partner David P. Milian has served as counsel and/or class counsel on behalf of plaintiffs in numerous sophisticated class action matters over the past 25 years. *See* Declaration of David P. Milian ("Milian Decl.") ¶¶ 4-5 (attached hereto as Exhibit "A"). Associate Frank S. Hedin previously served as federal law clerk to the Honorable William Q. Hayes of the Southern District of California, a role in which he gained considerable class action experience by, *inter alia*, drafting orders on motions filed at all stages of class action litigation, including motions for class certification, motions for class de-certification, motions for summary

3

judgment, and motions for preliminary and final approval of class settlement. *See* Declaration of Frank S. Hedin ("Hedin Decl.") ¶¶ 4-5 (attached hereto as Exhibit "B"). Carey Rodriguez also boasts a strong appellate practice, with experience before the Second, Seventh and Eleventh Circuit Courts of Appeals, and is committed to representing the Class in any and all appellate proceedings, for as long as it takes. *See* Milian Decl. ¶ 17.

With respect to the technical side of this case, Carey Rodriguez attorney Ernesto M. Rubi holds a degree in Electrical and Computer Engineering, is a former network engineer, and has vast experience analyzing voluminous electronic data. *See* Declaration of Ernesto M. Rubi ("Rubi Decl.") ¶¶ 4-5 (attached hereto as Exhibit "C"). His grasp of the law and technology will be invaluable to the prosecution of this case given the nature of the software powering Defendants' facial recognition system and their vast face template database. *See id.* ¶ 5. Mr. Rubi's experience and intimate knowledge of the technology implicated in this case will also help reduce costs that could otherwise go to the class.

Carey Rodriguez attorney Adam Underwood was formerly an electrical and systems engineer with several divisions of Harris Corporation, a leading manufacturer of control and communication systems and telecommunications, including High Definition Television and Internet Protocol Television. *See* Declaration of Adam Underwood ("Underwood Decl.") ¶ 4 (attached hereto as Exhibit "D"). As a board certified patent lawyer, Mr. Underwood prosecuted several patent applications for Harris Semiconductor in the biometric technology area related to capturing biometric data, such as scanning a sample fingerprint image, converting it into electrical signals and storing the image and/or unique characteristics of the fingerprint image in a database. *See id.* ¶ 5. He also has significant knowledge of voluminous database management systems. *See id.* ¶ 6.

It is this wide range of legal and technical experience that gives Carey Rodriguez a unique ability to effectively represent the class and, if necessary, see the case through to trial.

### b. Lite DePalma (Katrina Carroll)

With offices in Newark, Chicago and Philadelphia, Lite DePalma has extensive litigation experience in state and federal courts across the country and has established a national reputation in complex class action litigation across a wide range of areas including consumer fraud, antitrust, products liability and securities fraud. *See* Declaration of Katrina Carroll ("Carroll Decl.") ¶ 5 (attached hereto as Exhibit "E").

Katrina Carroll, a member of the firm, heads Lite DePalma's Chicago office. She has been actively involved in many of the firm's class actions since 2001 in the areas of consumer fraud, antitrust, securities fraud and ERISA. *See id.* ¶¶ 4-5. Ms. Carroll has litigated some of the most prominent securities fraud class actions in the country as Co-Lead counsel, including *In re Motorola Securities Litigation* (N.D. Ill.), where LDG achieved a $193 million settlement for aggrieved investors, and in *In re Tenet Healthcare Corp. Securities Litigation*, (C.D. Cal.), which resulted in settlements of $216.5 million against one set of defendants and $65 million against the auditor defendant, representing one of the largest auditor settlements of all time. *See id.*

One of Ms. Carroll's recent successes in consumer fraud litigation includes *JP Morgan Chase Mortgage Modification Litigation* (D. Mass.), where she served on plaintiffs' Executive Committee representing a class of homeowners in a multi-district class action alleging improprieties committed by Chase in connection with mortgage loan modifications. After nearly four years of litigation, plaintiffs secured final approval of a settlement in May of 2014, estimated to provide $500 million in mortgage modification relief to affected class members.

5

Ms. Carroll is currently involved in some of the most challenging and exciting class action litigation in the country today. Her current caseload includes:

- *Lewert v. P.F. Chang's China Bistro, Inc.* (N.D.Ill.): Ms. Carroll serves as Court-appointed Co-Lead counsel in a class action representing P.F. Chang's customers who had their personal financial information compromised as a result of a security breach.

- *Mednick v. Precor Inc.* (N.D. Ill): Ms. Carroll serves as Co-Lead counsel in a consumer fraud matter representing purchasers of Precor fitness machines, arising from Precor's representations concerning heart rate monitoring technology.

- *Stern v. Maibec* (D.N.J.): Ms. Carroll is pursuing this products liability class action on behalf of property owners who purchased wood shingles from Maibec. Plaintiffs allege that the shingles are plagued by design flaws that result in decay, including warping, peeling, cracking, buckling and curling.

- *Automotive Wire Harness Systems Antitrust Litigation* (D. Mich.): Ms. Carroll is plaintiff's counsel in this multi-district antitrust class action brought by businesses against manufacturers of automotive wire harnesses and related parts. Plaintiffs allege an illegal price fixing conspiracy by these manufacturers that artificially inflated the prices of these products, in violation of the federal antitrust laws.

Ms. Carroll has significant experience in all phases of complex litigation and is well versed in the intricacies of the burgeoning e-discovery field, having negotiated a number of electronic discovery protocols and managed large-scale document production and review projects. Ms. Carroll's caseload has included matters involving products and securities in industries as diverse as automobiles, chemicals, pharmaceuticals, software and technology.

Outside of litigation, Ms. Carroll has also represented individuals, privately owned businesses and Fortune 500 clients before local, state and federal governments and enforcement agencies in a number of areas, helping clients secure temporary restraining orders and injunctions, structure entities, develop and document corporate resolutions, comply with securities-reporting requirements and negotiate licensing agreements.

Ms. Carroll is a member of the Class Action Trial Lawyers Association, the Chicago Bar Association and a former member of New Jersey's John C. Lifland American Inn of Court.

## II. The Proposed Co-Leads Are Committed to Devoting Their Considerable Resources to Litigating this Case.

The Proposed Co-Leads are also committed to devoting their considerable resources to ensure the Class is vigorously and effectively represented throughout this litigation. *See* Milian Decl. ¶ 14.

Supporting the Proposed Co-Leads' attorneys are several trained paralegals, investigators and litigation support specialists with access to cutting-edge information technology resources. The firms have specialized software for analyzing voluminous database systems, and use the most advanced document review platforms. *See id.* ¶ 15.

Because the Defendants in this action are large corporations, the class needs well-capitalized advocates willing to litigate this case effectively to its conclusion, including through trial and any appellate proceedings if necessary. The Proposed Co-Leads are well-qualified to fulfill this important role.

## III. The Proposed Co-Leads Have Performed Substantial Work Investigating The Individual and Class Claims.

Prior to initiating this lawsuit, the Proposed Co-Leads conducted an extensive investigation into the claims alleged by Plaintiff on behalf of himself and the class. *See* Milian Decl. ¶ 13. They reviewed the Defendants' facial recognition system, privacy policies, and terms and conditions pages, and thoroughly analyzed the patents covering Defendants' biometric technology. *See id.* Carey Rodriguez's attorneys met with Mr. Norberg on numerous occasions, and conducted extensive legal research and analysis into every aspect of this case. *See id.* The firms' investigation will, of course, continue until resolution of the case.

7

To date, the Proposed Co-Leads have invested over 95 hours of time investigating, preparing and filing this action. *See* Milian Decl. ¶ 16; Hedin Decl. ¶ 6; Rubi Decl. ¶ 6; Underwood Decl. ¶ 7.

In sum, the experienced and well-qualified attorneys of Carey Rodriguez and Lite DePalma have invested substantial time and resources investigating and initiating this lawsuit, firmly demonstrating the firms' ability to protect the interests of the proposed class as interim counsel. *U.S. Fidelity & Guar. Co. v. Lord*, 585 F.2d 860, 873-75 (8th Cir. 1978) (explaining that adequacy of counsel may be demonstrated by its representation in the current matter and/or its representation in similar matters).

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court appoint Carey Rodriguez O'Keefe Milian Gonya, LLP and Lite DePalma Greenberg, LLC as co-lead interim class counsel. Carey Rodriguez and Lite DePalma have the expertise, resources and commitment to litigate this case aggressively and successfully on behalf of the class.

Dated: July 7, 2015

Respectfully submitted,

By: /s/ Katrina Carroll
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**Lite DePalma Greenberg, LLC**
Chicago Office
211 West Wacker Drive
Suite 500
Chicago, IL 60606
Telephone: (312) 750-1265

**CAREY RODRIGUEZ
O'KEEFE MILIAN GONYA, LLP**

8

> David P. Milian (*pro hac vice*)
> dmilian@careyrodriguez.com
> Frank S. Hedin (*pro hac vice*)
> fhedin@careyrodriguez.com
> 1395 Brickell Avenue, Suite 700
> Miami, FL 33131
> Telephone: (305) 372-7474
> Facsimile: (305) 372-7475
>
> ***Counsel for Plaintiff and the Putative Class***