# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT ILLINOIS

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated, | No. 1:15-cv-05351 |
| Plaintiff, | The Honorable Charles R. Norgle, Sr. |
| vs. | Magistrate Judge Daniel G. Martin |
| SHUTTERFLY, INC.; and THISLIFE.COM, INC., | |
| Defendants. | |

## DEFENDANTS' MOTION TO STAY DISCOVERY
## PENDING THE RESOLUTION OF THEIR MOTION TO DISMISS

Defendants Shutterfly, Inc. and Thislife.com, Inc. (collectively, "Defendants") hereby move for an order staying discovery in this matter pending the resolution of their Motion to Dismiss the putative class action claims of Plaintiff Brian Norberg. Good cause exists for a stay, because (1) resolution of the Motion to Dismiss may resolve Plaintiff's claims in their entirety; (2) Plaintiff will suffer no prejudice by a slight delay in discovery, while Defendants face a heavy burden; and (3) the Court should rule on the threshold issue of jurisdiction before discovery commences. Defendants set forth in detail the bases for this motion in the supporting memorandum filed concurrently with this motion, which is incorporated herein.

**WHEREFORE,** Defendants respectfully request that this Court enter an Order granting this motion, staying discovery in this matter, and granting such other and further relief as this Court deems necessary and proper.

Dated: November 6, 2015

Respectfully submitted,

By: /s/ Robert F. Huff
Robert F. Huff (ID No. 6225211)
ZWILLGEN PLLC
300 N LaSalle St, 49th Floor
Chicago, IL 60654
bart@zwillgen.com
Telephone: (312) 685-2278

Marc J. Zwillinger (ID No. 6226447)
ZWILLGEN PLLC
1900 M Street, NW, Suite 250
Washington, DC 20036
marc@zwillgen.com
Telephone: (202) 296-3585
Facsimile: (202) 706-5298
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

     I hereby certify that on November 6, 2015, I authorized the electronic filing of the foregoing document, Defendants' Motion to Stay Discovery Pending the Resolution of Their Motion to Dismiss, with the Clerk of the Court using the CM/ECF system to be served on the parties by electronic transmission. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 6, 2015.

                                              By:  /s/ Robert F. Huff
                                                      Robert F. Huff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT ILLINOIS

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>SHUTTERFLY, INC.; and THISLIFE.COM, INC.,<br><br>      Defendants. | No. 1:15-cv-05351<br><br>The Honorable Charles R. Norgle, Sr.<br><br>Magistrate Judge Daniel G. Martin |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING THE RESOLUTION OF THEIR MOTION TO DISMISS**

**I. INTRODUCTION**

Defendants Shutterfly, Inc. and Thislife.com, Inc. (collectively, "Defendants") seek a stay of discovery pending the resolution of their Motion to Dismiss the putative class action claims of Plaintiff Brian Norberg. A stay should be granted, because: (1) resolution of the Motion to Dismiss may resolve Plaintiff's claims in their entirety; (2) Plaintiff will suffer no prejudice by a slight delay in discovery, while Defendants face a heavy burden; and (3) the Court should rule on the threshold issue of jurisdiction before discovery commences.

**II. BACKGROUND AND PROCEDURAL HISTORY**

Shutterfly provides an online tool that allows its users to upload and store their digital photos online. ThisLife offers users a unified solution to organize, store, and share digital photos across web and mobile devices.[1] With ThisLife, users can organize their photos (by

---

[1] THISLIFE BY SHUTTERFLY, https://www.thislife.com/#feature (last visited Nov. 3, 2015).

1

date, location, person, or custom tag), access photos from any device, and share their photos either with others on ThisLife or through other social media outlets.

ThisLife uses technology that recognizes when there is a face in a photo and puts photos it believes to be of the same face into groups, so a user can quickly and easily tag those photos as a group. (Am. Compl. ¶ 19, June 23, 2015, ECF No. 6.)[2] Tagging faces is not required. A user may elect to tag the faces in their photos and then decide what tag to give that face. *Id.* ¶ 22. A tag can be a first name, nickname, or even a label (like "mom" or "son"). Once used, tags are saved in the system for later use by that same user. *Id.* If the user repeatedly uses the same tag for a face in their photos, ThisLife may subsequently suggest the same tag for what appears to be the same face. *Id.* The user must click to confirm any tag suggested. *See id.*

Plaintiff filed a Class Action Complaint on June 17, 2015, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"). (ECF No. 1.)[3] Plaintiff filed a First Amended Class Action Complaint on June 23, 2015. (ECF No. 6.) Defendants were served with the operative complaint on June 24, 2015. The Complaint seeks to represent a class of: "All non Shutterfly users who, while residing in the State of Illinois, had their biometric identifiers, including 'face templates' (or 'face prints'), collected, captured, received, or otherwise obtained by Shutterfly." (Am. Compl. ¶ 38.)

On July 31, 2015, Defendants filed their Motion to Dismiss the First Amended Class Action Complaint. (ECF No. 26.) Plaintiff filed a Response in Opposition to Defendants'

---

[2] Citations from the Amended Complaint are for reference only, and do not constitute an admission by Shutterfly as to their accuracy.

[3] Plaintiff also filed a Motion for Class Certification, but states that it was made to provide notice of Plaintiff's intent to seek class certification, and asks that the motion be continued "until Defendants have appeared and class discovery has been completed." (Mot. Class Cert. ¶ 4, June, 17, 2015, ECF No. 4.)

Motion to Dismiss on August 28, 2015 (ECF No. 29), and Defendants filed a Reply on September 16, 2015. (ECF No. 34.) The Motion is now fully briefed and awaiting resolution by the Court. Defendants now seek a stay of discovery pending resolution of the Motion to Dismiss.

## III.     ARGUMENT

### A.  Legal Standard

"District courts enjoy extremely broad discretion in controlling discovery." *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *1 (N.D. Ill. Oct. 28, 2008) (granting defendant's motion to stay discovery pending the outcome of its motion to dismiss) (*citing Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). A court may, "for good cause," limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . ." Fed. R. Civ. P. 26(c)(1). Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted. *See DSM Desotech,* 2008 WL 4812440, at *1 (*citing In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D. Ill. 2005)).

Such stays are granted with substantial frequency. *DSM Desotech*, 2008 WL 4812440, at *1 (citing *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D. Ill. 2005)). Numerous cases in this circuit have granted stays pending resolution of a Rule 12(b)(6) motion. *See, e.g.*, *DSM Desotech,* 2008 WL 4812440, at *1; *Coss v. Playtex Products, LLC*, No. 08 C 50222, 2009 WL 1455358, at *5 (N.D. Ill. May 21, 2009) (granting stay in part pending adjudication of motion to dismiss); *Cataldo v. City of Chicago,* No. 01 C 6665, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002); *Hill v. Amoco Oil Co.,* No. 97 C 7501, 2001 WL 293628, at *6 (N.D. Ill. Mar. 19, 2001) (noting grant of stay pending adjudication of motion to dismiss); *Cemail v. Viking Dodge, Inc.*, No. 97 C 908, 1997 WL 359962 (N.D. Ill. June 17, 1997).

3

### B. Good Cause Supports a Stay Because Adjudication of the Motion to Dismiss will Resolve the Entirety of the Claims

"Stays are often deemed appropriate *where the motion to dismiss can resolve the case*-at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 337 (emphasis added) (internal citations omitted); *see Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011). Thus, where resolution of a motion to dismiss would "dispose of the case in its entirety," and discovery would only result in "cost and inconvenience" for the defendant, a stay is appropriate. *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993).

So too here. A ruling on the pending Motion to Dismiss can resolve the case. Plaintiff alleges that photographs and "face templates" derived from photographs are biometric identifiers or biometric information as defined by BIPA, despite the statute explicitly excluding photographs or information derived from photographs from its reach. If Defendants are correct, they are outside the reach of the statute and should not be subject to discovery, as granting their motion would resolve the case in its entirety. Furthermore, no amount of discovery would be relevant to whether Plaintiff's novel interpretation of BIPA is correct. A stay would prevent undue burden and expense of the parties in engaging in discovery for a legally deficient claim.

### C. Good Cause Supports a Stay Because Plaintiffs Will Suffer No Undue Prejudice

The lack of prejudice to Plaintiff in issuing a short stay provides further support for granting this motion. Where a motion to dismiss is pending in a matter that requires complex and costly discovery, a stay is particularly warranted to ensure that the costs of discovery are not unnecessarily imposed. This is because "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that

4

the plaintiff has a substantial case." *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008). In *Coss v. Playtex Products, LLC*, the court stayed discovery in part pending a motion to dismiss, noting that as a putative class action, discovery would be "complex" and would also be "burdensome and costly." *Id.* at *4. Indeed, courts in this Circuit regularly stay discovery in class action cases, pending adjudication of motions to dismiss. *See, e.g., Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2008 WL 4964714, at *10 (E.D. Wisc. Nov. 14, 2008) (granting motion to stay discovery pending adjudication of motions to dismiss class action complaint); *Morrison v. YTB Intern., Inc.*, No. 08-565-GPM, 2010 WL 1931127, at *3 (S.D. Ill. May 13, 2010) (same); *Cemail v. Viking Dodge, Inc.*, No. 97 C 908, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997) (same, and noting that "[i]f the motions to dismiss are granted those defendants will be spared the expense of discovery. If they are denied plaintiffs will suffer only a brief delay").

As in *Limestone* and *Coss*, discovery in this class action would be complex, burdensome, and costly, rendering a stay particularly appropriate.[4] Significantly, a brief stay of discovery pending resolution of the Motion to Dismiss will have little effect on Plaintiff. In contrast, Defendants will suffer significant costs and burden in engaging in class discovery in a case that may not survive the pleading stage. A stay is especially warranted in such a circumstance.

### D. The Court Should Resolve the Threshold Issue of Personal Jurisdiction Before Discovery Commences

Finally, the pending challenge to this Court's jurisdiction also justifies a stay of discovery. Stays of discovery are frequently granted where a motion to dismiss raises a threshold

---

[4] As reflected in Plaintiff's Motion for Class Certification, Plaintiff will seek, among other things, information as to "whether Defendants used Plaintiff's and the Class's biometric identifiers or biometric information to identify them" and "whether Defendants' violations of the BIPA were committed intentionally, recklessly, or negligently," on a class size alleged to involve "thousands of consumers." (ECF No. 4.)

issue such as jurisdiction. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 337 (*citing U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 79-80 (1988)).

Here, Defendants have challenged the existence of personal jurisdiction by this Court over Defendants. As detailed in the Motion to Dismiss, Defendants are neither incorporated in nor have their principal place of business in Illinois. They are thus not subject to general jurisdiction in Illinois. Nor does Plaintiff allege facts sufficient to establish specific jurisdiction over Defendants. (*See* Mot. to Dismiss at 12-13, ECF No. 26.) A stay is thus appropriate pending resolution of this threshold issue of jurisdiction.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court stay discovery until such time as the Court issues a ruling on Defendants' pending Motion to Dismiss.

Dated:  November 6, 2015

Respectfully submitted,

By:    /s/ Robert F. Huff
Robert F. Huff (ID No. 6225211)
ZWILLGEN PLLC
300 N LaSalle St, 49th Floor
Chicago, IL 60654
bart@zwillgen.com
Telephone: (312) 685-2278

Marc J. Zwillinger (ID No. 6226447)
ZWILLGEN PLLC
1900 M Street, NW, Suite 250
Washington, DC 20036
marc@zwillgen.com
Telephone:  (202) 296-3585
Facsimile:  (202) 706-5298

*Counsel for Defendants*

6

## LOCAL RULE 37.2 CERTIFICATION

Pursuant to Local Rule 37.2, on Monday, October 19, 2015, Defendants' counsel Bart Huff and Plaintiff's counsel David P Milian, Frank Hedin and Kyle Shamberg engaged in good faith attempts to resolve the differences on the telephone. The parties were unable to reach an accord.

By: /s/ Robert F. Huff
     Robert F. Huff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 6, 2015, I authorized the electronic filing of the foregoing document, Memorandum in Support of Defendants' Motion to Stay Pending the Resolution of Their Motion to Dismiss, with the Clerk of the Court using the CM/ECF system to be served on the parties by electronic transmission. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 6, 2015

By: /s/ Robert F. Huff
     Robert F. Huff
