UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERFLY, INC.; and THISLIFE.COM, INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-05351<br><br>Hon. Charles R. Norgle, Sr.<br><br>Magistrate Judge Daniel G. Martin |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY DISCOVERY (D.E. 37)**

Plaintiff Brian Norberg submits this response in opposition to the Motion to Stay Discovery (D.E. 37 (the "Motion to Stay Discovery")) filed by Shutterfly, Inc. and ThisLife.com, Inc. (collectively, "Defendants").

I.  **BACKGROUND**

On June 17, 2015, Plaintiff initiated this action against Defendants with the Class Action Complaint. (D.E. 1.)

On June 23, 2015 Plaintiff filed the First Amended Class Action Complaint (D.E. 6) (the "Complaint"), alleging one claim for relief under Illinois' Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 to 14/99 (West, Westlaw through P.A. 99-324 of 2015 Reg. Sess.). The Complaint alleges that Defendants have collected and stored (and continue to collect and store) highly sensitive biometric identifiers (specifically, scans of face geometry) from thousands of Illinois residents, without consent and in direct violation of the BIPA.

On July 31, 2015, Defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). (D.E. 26.) The motion to dismiss is fully briefed.

On November 6, 2015, Defendants filed the Motion to Stay Discovery, seeking a stay of all discovery pending the Court's resolution of their motion to dismiss. (D.E. 37.)

II.  **APPLICABLE LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 26(c) and (d), the Court has broad discretion to limit the scope and sequence of discovery. Pursuant to Rule 26(c)(1), the Court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]" The grounds for limiting the scope of discovery are listed in Rule 26(b)(1), and the pendency of a motion to dismiss the complaint, which is the basis of Defendants' motion to stay discovery, is not one of them.

2

Indeed, "[t]he mere filing of a motion to dismiss does not automatically stay discovery." *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013) (citing *SK Hand Tool Corp. v. Dresser Indus.*, 852 F.2d 936, 945 (7th Cir. 1988)); *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, 05 C 6673, 2007 U.S. Dist. LEXIS 81767 at *5 (N.D. Ill. Nov. 1, 2007) ("[D]efendants must assert something more than the mere existence of a motion to dismiss to support a claim of good cause to request a complete stay of discovery."). "Nor does filing a motion to stay mean that a court will automatically grant it." *Abbott Labs.*, 2013 WL 690613, at *1-2; *see also Builders Assoc. of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) (same).

Accordingly, "this Court rarely suspends discovery pending a 'motion to dismiss.' Most such motions are eventually denied." *United States v. Board of Educ.*, 636 F. Supp. 1046, 1047 (N.D. Ill. 1986); *see also, e.g., Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exchange*, 99 C 3223, 1999 U.S. Dist. LEXIS 14305 (N.D. Ill. Aug. 31, 1999) (denying stay of discovery pending ruling on motion to dismiss); *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154 (N.D. Ill. 1993) (same). "In the rare case where [district courts of the Seventh Circuit] do stay discovery pending a ruling on a potentially dispositive legal issue, we do so only when we are satisfied that the moving party is likely to prevail." *Board of Educ.*, 636 F. Supp. at 1047.

In sum, "[a]lthough stays of discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill." *Coss v. Playtex Prods., LLC,* No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009).

### III. ARGUMENT

Defendants' pending Motion to Dismiss is based upon two grounds: (1) failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6); and (2) lack of personal jurisdiction pursuant to Rule 12(b)(2).

3

With respect to the first ground, it is well established in this District that a motion to dismiss pursuant to Rule 12(b)(6) is an insufficient basis for obtaining a stay of discovery. *See Abbott Labs.*, 2013 WL 690613, at *1 ("However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6).") (citing *Solomon Realty Co. v. Tim Donut U.S. Ltd.,* 2009 WL 2485992, at *2 (S.D. Ohio 2009))*; Tamburo v. Dworkin*, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010) (same); *SK Hand Tool Corp.*, 852 F.2d at 945 (same). As the court in *Abbott Labs* observed,

> 'The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.'

*Abbott Labs.*, 2013 WL 690613, at *1 (quoting *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, the Court should reject out of hand Defendants' argument that the pendency of the motion to dismiss pursuant to Rule 12(b)(6) justifies a stay of discovery. *See, e.g., id.* (denying motion to stay discovery, explaining that "Abbott's argument for a stay of discovery is mainly predicated on the assumption that its motion to dismiss has a high likelihood of success. It may well be that Abbott's motion to dismiss will be successful, but until the District Judge rules on the motion, Abbott's assertion is mere speculation.").

To hold otherwise would circumvent the court's established procedures for ruling on such motions. *See, e.g., id.* ("Furthermore, asking this Court to make a preliminary finding on the likelihood of success on the merits circumvents the usual procedures for ruling on the motion."); *see also Gray,* 133 F.R.D. at 40 ("a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion.

Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value, this is not such a case.").

Thus, to avoid circumventing these procedures, the Court should simply rule on the underlying Motion to Dismiss and moot the Motion to Stay Discovery in its entirety, permitting discovery to proceed in the meantime. *See, e.g., Adkins v. Fin. Recovery Servs., Inc.*, No. 15-CV-887, 2015 WL 5731842, at *1 (N.D. Ill. Sept. 30, 2015) ("FRS seeks to stay discovery pending the ruling on its motion to dismiss. Since the court cannot determine whether discovery should be stayed without evaluating the strength of the motion to dismiss, it is most efficient to decide the motion to dismiss and thus moot the motion to stay."). Even if the Court were to consider the merits of the motion to dismiss pursuant to Rule 12(b)(6) in determining whether to stay discovery, Defendants have failed to establish a strong likelihood of success. As fully discussed in Plaintiff's opposition to the Motion to Dismiss (D.E. 29), which Plaintiff hereby incorporates by reference, the plain language of the BIPA defines Defendants' scans of face geometry to be biometric identifiers – an interpretation that is clearly confirmed by the canons of statutory construction, the legislative history, and the practical consequences of Defendants' alternative interpretation, (*see id.* at 19-24).

Tellingly, a court in the Northern District of California recently denied a nearly identical motion to stay discovery pending resolution of a motion to dismiss in *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-cv-03747-JD (N.D. Cal.) (Docket No. 72), which is another putative class action alleging violation of the BIPA. Discovery in this case will be even less burdensome than discovery in the Facebook litigation because Facebook has many more user-photographs from which face scans have been collected than Shutterfly.

With respect to Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), this too is an insufficient basis for obtaining a discovery stay. First, personal

jurisdiction is not likely a dispositive ground for dismissal at this time because Plaintiff has requested leave to amend his Complaint in the event the Court finds its allegations lacking. (D.E. 29 at 19.) Second, as fully discussed in Plaintiff's opposition brief, this argument has a low likelihood of success on the merits because the pertinent allegations of the Complaint – that Defendants collected photographs of Illinois residents and created biometric identifiers of Illinois residents, in massive numbers, without consent and in flagrant derogation of Illinois law – are easily sufficient for satisfying the requirements of Illinois' long-arm statute. (*Id.* at 19-24.)

Finally, the interests of the parties and judicial efficiency weigh against a stay of discovery because there is a strong likelihood the Court will order discovery before deciding the issue of personal jurisdiction in any event. In determining whether Plaintiff has established a colorable or *prima facie* case of personal jurisdiction, "the court must read the plaintiff's allegations liberally, drawing all reasonable inferences in the plaintiff's favor." *Hach Co. v. Hakuto Co., Ltd.*, 784 F. Supp. 2d 977, 981 (N.D. Ill. 2011) (citation omitted). If Plaintiff has established a "colorable or *prima facie* showing of personal jurisdiction," *id.* (citing *GCIU--Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1026 (7th Cir. 2009)), then the court must hold an evidentiary hearing, prior to which the parties will be entitled to engage in reasonable discovery on the issue of personal jurisdiction, *see Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *see also, e.g., Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 878 (7th Cir. 2006) (concluding that the district court abused its discretion in denying a party's request for discovery on the issue of personal jurisdiction)). Thus, contrary to Defendants' assertion that a stay of discovery could not prejudice Plaintiff, such a stay would likely interfere with Plaintiff's right to take limited discovery on the issue of personal jurisdiction (which should occur sooner rather than later), and with the Court's ability to hold an evidentiary hearing on that issue. *See Hyatt Int'l Corp.*, 302 F.3d at 713.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Stay Discovery (D.E. 37) in its entirety.

Dated: December 15, 2015

Respectfully submitted,

By: */s/ Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**Lite DePalma Greenberg, LLC**
Chicago Office
211 West Wacker Drive
Suite 500
Chicago, IL 60606
Telephone: (312) 750-1265

**CAREY RODRIGUEZ MILIAN GONYA, LLP**

David P. Milian (*pro hac vice*)
dmilian@careyrodriguez.com
Frank S. Hedin (*pro hac vice*)
fhedin@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

***Counsel for Plaintiff and the Putative Class***

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the 15th day of December, 2015, she caused a true and correct copy of the foregoing RESPONSE IN OPPOSITION TO THE MOTION TO STAY DISCOVERY to be filed electronically with the Clerk of the Court to be filed and served on all parties via the Court's CM/ECF system.

By: */s/Katrina Carroll*
Katrina Carroll