IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHUTTERFLY, INC.; and THISLIFE, INC, )<br>)<br>)<br>Defendants. ) | No. 15 CV 5351<br><br>Hon. Charles R. Norgle |

### ORDER

Defendants' Motion to Dismiss [26], pursuant to Rules 12(b)(2) and (6) is denied.

### STATEMENT

  Plaintiff Brian Norberg ("Plaintiff"), individually and on behalf of others similarly situated, brings this diversity class action suit against Shutterfly, Inc. and its subsidiary ThisLife, Inc. ("Defendants"). Plaintiff seeks statutory damages for Defendants' violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.*, and an injunction against any further violations. Before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6). For the following reasons, the motion is denied.

  Defendants make two principal arguments, first that the Plaintiff has failed to state a claim for which relief may be granted under the BIPA, and second, that even if a claim had been stated, this Court cannot exercise personal jurisdiction over the Plaintiff. The Court will address the personal jurisdiction argument first, because, if there is no *in personam* jurisdiction the Court will be unable to reach the Rule 12(b)(6) matter. See be2 LLC v. Ivanov, 642 F.3d 555, 557 (7th Cir. 2011) (holding judgments entered without personal jurisdiction are void).

  A federal court has original jurisdiction of any civil action in which the amount in controversy exceeds $5,000,000.00 and where any member of the class of plaintiffs is a citizen of a different state of any defendant. 28 U.S.C. § 1332(d)(2). "In diversity cases, such as this one, a federal court must determine if a court of the state in which it sits would have personal jurisdiction over the defendant." Jennings v. AC Hydraulic A/S, 383 F.3d 546, 548 (7th Cir. 2004). In Illinois, the long-arm statute "provides that the Due Process Clause of the Fourteenth Amendment sets the outer boundary of the personal jurisdiction of its courts." Philos Techs., Inc. v. Philos & D, Inc., 802 F.3d 905, 912 (7th Cir. 2015). See 735 ILCS 5/2–209(c). "Under the Fourteenth Amendment's Due Process Clause, a court may exercise personal jurisdiction over an out-of-state defendant when that defendant has 'minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Philos Techs., Inc. v. Philos & D, Inc., 802 F.3d 905, 912-13 (7th Cir.

2015) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

In determining whether there is personal jurisdiction the Court must consider: "'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.'" Tamburo v. Dworkin, 601 F.3d 693, 709 (7th Cir. 2010) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

Here, Defendants are both incorporated in Delaware and headquartered in California. Defendants operate a number of websites that provide digital photo storage, sharing, and photo prints and novelty gifts, such as photo mugs and mousepads, available in all fifty states and internationally. Defendants offer their photo sharing and printing services to citizens of Illinois and ship their hard copy photographs and other products directly to their customers. The statute they are accused of violating is an Illinois statute and stems out of their contact with Illinois residents. Moreover, because the Plaintiff is a private Illinois resident there is a strong interest in adjudicating the matter locally, the Court finds there are sufficient minimum contacts to establish specific personal jurisdiction without offending the notions of fair play and substantial justice. Because the Court finds that it has personal jurisdiction over the Defendants, their motion to dismiss for lack of personal jurisdiction is denied.

Second, Defendants bring a Rule 12(b)(6) motion to dismiss, arguing that the BIPA excludes biometric identifiers, defined as retina or iris scan, fingerprint, voiceprint, or hand or face geometry, derived from photographs. As a result Defendants' websites are outside of the scope of the statute. A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard, Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007), not the merits of the suit, Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). "[A]ll this means is that the plaintiff must include enough details about the subject-matter of the case to present a story that holds together. At this pleading stage, we do not ask whether these things actually happened; instead, the proper question to ask is still *could* these things have happened." Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015) (internal quotation marks and citation omitted). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in a plaintiff's complaint, and draws all reasonable inferences in his favor. Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013) (citations omitted).

Defendants operate several photo sharing websites, Shutterfly.com and ThisLife.com ("Websites"), which offer online digital photo sharing, storage, and organizational services, as well as hard copy photo prints and personalized gifts. The Websites also offer facial recognition capabilities to identify and categorize photos based on the people in the photos. Plaintiff alleges that Defendants' are actively collecting, storing, and using the biometrics (face geometry) of millions of individuals, who are not the Websites' customers, in violation of the BIPA.

The BIPA was enacted in 2008, and to this date, the Court is unaware of any judicial interpretation of the statute. The parties have provided none and the Court's own research was also fruitless. Turning to the plain language of the statute, the BIPA provides guidelines and limitations on the collection, retention, disclosure, and storage of biometric identifiers and

information. 740 Ill. Comp. Stat. 14/15. The statute defines a biometric identifier as: "retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," and excludes: writing samples, signatures, photographs, biological samples, demographic data, tattoos, or physical descriptions. Id. § 10. Biometric information is defined as "any information . . . converted, stored, or shared, based on an individual's biometric identifier used to identify an individual[,]" excluding information derived from items excluded from the above definition. Id. The statute further prohibits private entities from collecting biometric information from individuals absent express consent from the individuals following a written disclosure of the collection and a public policy for handling and disposing of that biometric information. Id. § 15. The statute also provides for a private cause of action against any company or private entity that is in violation of the BIPA. Id. § 20. Here, Plaintiff alleges that Defendants are using his personal face pattern to recognize and identify Plaintiff in photographs posted to Websites. Plaintiff avers that he is not now nor has he ever been a user of Websites, and that he was not presented with a written biometrics policy nor has he consented to have his biometric identifiers used by Defendants. As a result, the Court finds that Plaintiff has plausibly stated a claim for relief under the BIPA.

    For the foregoing reasons, Defendants' motion to dismiss is denied.
    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: December 29, 2015