IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NORBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 CV 5351 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| SHUTTERFLY, INC, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's Motion for Class Certification [4] is denied.

## STATEMENT

Before the Court is Plaintiff Brian Norberg's ("Plaintiff") motion to certify a class pursuant to Federal Rule of Civil Procedure 23. For the following reasons, the motion is denied.

On June 17, 2015, Plaintiff filed a putative class action complaint alleging that Defendants violated the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. 14/1 et seq. Heeding the guidance in Damasco v. Clearwire Corporation, 662 F.3d 891 (7th Cir. 2011), Plaintiff's motion for class certification accompanied his complaint. On June 23, 2015, Plaintiff filed a First Amended Class Action Complaint, pursuant to Fed. R. Civ. P. 15(a)(1).

The Seventh Circuit has long held that "an amended complaint complete in itself and making no reference to nor adopting any portion of a prior complaint renders the latter functus officio." Lubin v. Chicago Title & Trust Co., 260 F.2d 411, 413 (7th Cir. 1958); See also Kelly v. Crosfield Catalysts, 135 F.3d 1202, 1204-5 (7th Cir. 1998). Plaintiff's motion for class certification was filed in conjunction with the original complaint, has never been fully briefed, and predates Plaintiff's First Amended Class Action Complaint. As a result, the principal of functus officio removes the support for Plaintiff's Motion for Class Certification and it cannot meet the requirements of Rule 23. Therefore, Plaintiff's motion is denied.

IT IS SO ORDERED.

ENTER:

_[signature: Charles Norgle]_

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 6, 2016