UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SHUTTERFLY, INC.; and THISLIFE.COM, INC.,<br><br>    Defendants. | Civil Action No. 1:15-cv-05351 |

**PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**

1. On June 17, 2015, Plaintiff Brian Norberg ("Plaintiff") filed this class action lawsuit against Defendants Shutterfly, Inc. and ThisLife, LLC on behalf of himself and other similarly situated individuals, seeking to remedy violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* ECF Doc. 1.

2. On June 23, 2015 Plaintiff filed a First Amended Class Action Complaint ("FAC"), replacing the entity sued as "ThisLife, LLC" with current Defendant "ThisLife.com, Inc." ECF Doc. 6.[1]

3. To preserve the interests of the putative class members asserted in the FAC, as explained further below, Plaintiff, on behalf of himself and all other similarly situated consumers, hereby moves this Court for an Order certifying the following class under Federal Rule of Civil Procedure 23 (the "Class"):

> All non Shutterfly users who, while residing in the State of Illinois, had their biometric identifiers, including "face templates" (or "face prints"), collected, captured, received, or otherwise obtained by Shutterfly.

---

[1] Shutterfly, Inc. and ThisLife.com, Inc. are collectively referenced herein as "Defendants."

The following are excluded from the Class: (1) any Judge presiding over this action and members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which a Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

4. Plaintiff seeks to enter and continue this motion class discovery has been completed. This motion is merely to provide notice to Defendants of Plaintiff's intent to seek class certification and to protect the interests of unnamed Class members.

5. Class treatment is appropriate here because, upon information and belief, the proposed Class consists of thousands of consumers. If this case is afforded the opportunity to proceed in discovery, Plaintiff believes that the precise size (and identity and contact information) of the Class will be readily determined from documents and records maintained by Defendants.

6. There are common questions of law and fact which predominate over individual questions, which include, but are not limited to:

   (a) whether Defendants collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

   (b) whether Defendants properly informed Plaintiff and the Class that they collected, used, and stored their biometric identifiers or biometric information;

   (c) whether Defendants obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometrics identifiers or biometric information;

   (d) whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometrics information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

399975.1

(e) whether Defendants used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(f) whether Defendants' violations of the BIPA were committed intentionally, recklessly, or negligently.

7. The claims of Plaintiff are typical of the members of the Class in that Plaintiff has suffered the same type of injury stemming from the same wrongful conduct as the members of the Class. A single resolution of these claims would be preferable to a multiplicity of similar actions.

8. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class he seeks to represent, he has retained counsel competent and highly experienced in complex class action litigation, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

9. The class mechanism is superior to individual claims for the fair and efficient adjudication of the claims of Plaintiff and Class members. The class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.

10. This suit is also maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the class as a whole.

WHEREFORE, Plaintiff respectfully requests that this Court enter a briefing schedule on the class certification motion, as it deems appropriate, after the completion of class discovery.

Dated: January 15, 2016
Respectfully submitted,

By: /s/ Katrina Carroll
Katrina Carroll
*kcarroll@litedepalma.com*
Kyle A. Shamberg
*kshamberg@litedepalma.com*

3

399975.1

**Lite DePalma Greenberg, LLC**
Chicago Office
211 West Wacker Drive
Suite 500
Chicago, IL 60606
312.750.1265


**CAREY RODRIGUEZ O'KEEFE
MILIAN GONYA, LLP**

David P. Milian*
dmilian@careyrodriguez.com
Frank S. Hedin*
fhedin@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
*Pro Hac Vice Application Forthcoming*

**Counsel for Plaintiff and the Putative Class**