UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SHUTTERFLY, INC. and THISLIFE.COM, INC.,<br><br>*Defendants*. | Civil Case No. 15 C 05351<br><br>District Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Daniel G. Martin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR RECONSIDERATION OR CERTIFICATION FOR
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

Defendants (collectively "Shutterfly") move for reconsideration of this Court's order denying their motion to dismiss for lack of personal jurisdiction. We respectfully submit that the Court's ruling is inconsistent with, and does not address, the Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 1115 (2014), as well as a recent Seventh Circuit decision applying *Walden* to an Internet company—neither of which was cited in plaintiff's opposition to the motion to dismiss. Those cases hold that specific jurisdiction must be based upon "the *defendant's suit-related* conduct . . . with the forum state"—not contacts between the plaintiff and the forum state, and not contacts by the defendant that are unrelated to the litigation. *Walden*, 134 S. Ct. at 1121 (emphasis added); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). *Walden* fundamentally altered the law governing personal jurisdiction, and plaintiff's exclusive reliance on pre-*Walden* decisions— many of which have been abrogated—is misplaced. The conflicts between this Court's decision and these controlling authorities provide compelling grounds for reconsideration.

1

These conflicts are highlighted by a recent case from this District holding that *Walden* foreclosed the exercise of specific personal jurisdiction in closely analogous circumstances. In *Gullen v. Facebook.com, Inc.*, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016), Judge Alonso dismissed a lawsuit alleging that Facebook's online-tagging feature violated the Biometric Information Privacy Act ("BIPA"). *Id.* at *3. Relying on *Walden* and *Advanced Tactical*, the court explained that personal jurisdiction "must arise out of contacts that the defendant *himself* creates with the forum," making the Illinois residency of the plaintiff irrelevant; and that these defendant-created contacts must be "relat[ed] to this suit," making Facebook's relationships with other members and its alleged sales and advertising in Illinois irrelevant. *Id.* at *2.

We respectfully submit that *Gullen*'s analysis is correct and should be adopted by this Court on reconsideration. But if the Court concludes otherwise, defendants request that the Court certify its ruling on personal jurisdiction for an interlocutory appeal because it implicates "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Seventh Circuit should have a chance to resolve this important and dispositive issue sooner rather than later, both to avoid the uncertainty created by conflicting lines of authority and to minimize the risk that judicial and party resources will be squandered on a lawsuit over which the Court might ultimately lack jurisdiction.

## ARGUMENT

**I.   THE COURT SHOULD RECONSIDER ITS DENIAL OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.**

Federal Rule of Civil Procedure 54(b) permits a court to reconsider an interlocutory order at any time prior to entry of judgment. *See Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Reconsideration is proper when "the moving party can point to controlling decisions . . . that the court overlooked," *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), or

where the ruling contains a "manifest error[] of law," *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). As explained below, this Court's decision satisfies those standards because—due in large measure to the fact that plaintiffs failed to mention it—the decision "overlooked" the Supreme Court's controlling decision in *Walden*, leading to a "manifest error of law." Contrary to *Walden* and its progeny, the Court's analysis of specific personal jurisdiction relies entirely on (a) plaintiff's own contacts with Illinois and (b) alleged contacts between defendants and Illinois that have no relation to plaintiff's suit. When these contacts are properly set aside, as required by *Walden*, it is clear that plaintiff has alleged no facts supporting the exercise of specific jurisdiction: His claim is based solely on Shutterfly's operation of facial-recognition technology that is available to *every* user of its internationally accessible website; no conduct related to this suit has been targeted at the State of Illinois. The Court should reconsider its ruling.[1]

### A. Plaintiff's Own Contacts With Illinois And His Invocation Of Illinois Law Have No Bearing On Personal Jurisdiction.

In ruling that personal jurisdiction exists, this Court concluded in part that "[t]he statute [defendants] are accused of violating is an Illinois statute and stems out of their contact with Illinois residents. Moreover, because the Plaintiff is a private Illinois resident there is a strong interest in adjudicating the matter locally." Order re Def. Mot. to Dismiss (Dkt. 41) ("Order") at 2. *Walden* forecloses these considerations.

In *Walden*, the Supreme Court addressed whether a Nevada court could exercise personal jurisdiction over a Georgia defendant based on the fact that "he knew his allegedly tortious conduct in Georgia would delay the return of funds to plaintiffs with connections to Nevada."

---

[1] Plaintiff did not argue that defendants are subject to general jurisdiction in Illinois, and therefore conceded that point. *See, e.g.*, *Polinovsky v. British Airways PLC*, 2012 WL 1506052, at *1 (N.D. Ill. Mar. 30, 2012).

134 S. Ct. at 1119. The Court answered in the negative, holding that a state may not exercise specific jurisdiction over a nonresident defendant unless the *defendant's own actions* created sufficient contacts with the forum *that are related to the litigation*. *Id.* at 1121-22. It explained that the specific-jurisdiction inquiry focuses on the "*defendant's* contacts with the forum State," and rejected the plaintiff's attempt to shift the focus from the "*defendant*-focused 'minimum contacts' inquiry" to one based on "contacts between the *plaintiffs* (or third parties) and the forum state." *Id.* at 1122 (emphases added). The Court further clarified the constitutional basis for this rule: "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Id.*

More recently, the Seventh Circuit held in *Advanced Tactical* that an Indiana district court lacked personal jurisdiction over a California company that operated an interactive website available to Indiana residents. 751 F.3d at 801-03. Relying on *Walden*, the Seventh Circuit explained that "[t]he 'mere fact that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice'"; rather, "the relation between the defendant and the forum '*must arise out of* contacts that *the defendant himself creates* with the forum.'" *Id.* at 802 (emphasis added) (quoting *Walden*, 134 S. Ct. at 1122). In *Gullen*, Judge Alonso confirmed that under *Walden* and *Advanced Tactical*, "[c]ontacts between the plaintiff or other third parties and the forum do not satisfy [the personal jurisdiction] requirement." 2016 WL 245910, at *2.[2]

Thus, we respectfully submit that this Court erred in relying on plaintiff's status as a "private Illinois resident" and his interest "in adjudicating the matter locally" (Order at 2)

---

[2] The plaintiff in *Gullen* alleged that Facebook's "Tag Selections" feature violated BIPA by (1) deriving information about individuals' facial features from photographs that are uploaded to Facebook by its members; and (2) subsequently using that information to allow Facebook members to automate the process of identifying and "tagging" themselves or friends in photos uploaded to Facebook. *See* 2016 WL 245910, at *1.

4

because these contacts are between *plaintiff* and Illinois; Shutterfly did not create them. Nor does plaintiff's choice to sue under an Illinois statute support specific jurisdiction; again, it is the *plaintiff*, not Shutterfly, who invoked Illinois law, and therefore this "connection was not created by [defendants]." *Walden*, 134 S. Ct. at 1126. If the mere existence of a state cause of action were sufficient for jurisdiction, the doctrine would be meaningless and unlimited—a plaintiff could sue *any* defendant in *any* state simply by invoking that state's law. As *Advanced Tactical* explained, a jurisdictional test that allowed "a plaintiff [to] sue everywhere . . . would violate the principles on which *Walden* . . . rest[s]" and would flatly "offend traditional notions of fair play and substantial justice." 751 F.3d at 803 (internal quotation marks omitted).

Despite *Walden*'s controlling status, plaintiff did not mention it in his opposition to defendants' motion to dismiss.[3] Instead, he argued primarily that jurisdiction was proper because he alleged that he had been injured in Illinois. Dkt. 29 ("Opp'n") at 16-17. Yet *Walden* flatly forecloses that argument: "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." 134 S. Ct. at 1125. Notably, *all* of the cases cited in the personal-jurisdiction section of plaintiff's brief pre-date *Walden*, and several of them relied on a Seventh Circuit decision—*Janmark, Inc. v. Reidy*, 132 F.3d 1200 (7th Cir. 1997)—that has been expressly abrogated (and accordingly red-flagged on Westlaw).[4]

In *Janmark*, the Seventh Circuit held that "the state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor" even if the defendant's actions took

---

[3] Defendants discussed *Walden* in their supporting papers. *See* Dkt. 34 at 13-14.

[4] *See, e.g.*, *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 2008 WL 2246960, at *12-14 (C.D. Ill. May 29, 2008); *Varitalk, LLC v. Lahoti*, 2007 WL 1576127, at *6 (N.D. Ill. May 30, 2007); *Bunn-O-Matic Corp. v. Bunn Coffee Serv., Inc.*, 88 F. Supp. 2d 914, 920 (C.D. Ill. 2000).

place outside the state. *Id.* at 1202. But in *Advanced Tactical*, the Seventh Circuit expressly held that *Janmark* is no longer good law: "[A]fter *Walden* there can be no doubt that the plaintiff cannot be the only link between the defendant and the forum"; "[a]ny decision that implies otherwise can no longer be considered authoritative." 751 F.3d at 802 (internal quotation marks omitted) (citing *Janmark*); *see also Monster Energy Co. v. Wenshang*, 2015 WL 5732050, at *2 (N.D. Ill. Sept. 29, 2015) (noting *Janmark*'s abrogation); *accord Stoller v. Herbert*, 2014 WL 3953933, at *3 (Ill. App. Ct. Aug. 13, 2014) ("The Seventh Circuit recently recognized that . . . *Janmark* has been abrogated by . . . *Walden*.").

*Walden* and its progeny conclusively establish that the factors advanced by plaintiff—and that this Court relied upon—in concluding that specific jurisdiction exists are immaterial to the analysis. *Walden* requires sufficient suit-related contacts between *defendants* and Illinois. As discussed next, none are present here.

> **B.      Plaintiff Has Not Alleged Any Contacts Between The Defendants And Illinois That Are Related To Plaintiff's Lawsuit.**

In addressing defendants' potential contacts with Illinois, the Court stated: "Defendants operate a number of websites that provide digital photo storage, sharing, and photo prints and novelty gifts, such as photo mugs and mousepads, available in all fifty states and internationally. Defendants offer their photo sharing and printing services to citizens of Illinois and ship their hard copy photographs and other products directly to their customers." Order at 2. These goods and services, however, cannot support jurisdiction in this case: They were not purchased or used by the plaintiff; they do not relate to this suit; and, in any event, online services that are available to customers "in all fifty states" interchangeably cannot support jurisdiction in this State.

### 1. Shutterfly's Sales Of Goods And Services Are Unrelated To This Suit.

Under *Walden*, specific jurisdiction is proper only when "the defendant's *suit-related* conduct [ ] create[s] a substantial connection with the forum state." 134 S. Ct. at 1121. "Crucially, not just any contacts will do: For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state." *Advanced Tactical*, 751 F.3d at 801 (internal quotation marks omitted)). By contrast, contacts that are "unrelated to the facts forming the basis for the lawsuit" do not support specific jurisdiction. *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n*, 312 F.3d 833, 846 (7th Cir. 2002).

The goods and services identified by the Court cannot be deemed "suit-related" under *Walden*, for at least two reasons. First, they lack any relationship to Shutterfly's *online photo-tagging feature*—the sole basis on which plaintiff is pursuing his claim under BIPA. *See, e.g.*, Am. Compl. (Dkt. 6) ¶¶ 1, 5. Second, because plaintiff underscores that he is *not* a Shutterfly user and does not have a Shutterfly account (*id.* ¶¶ 7, 26), he could not even have ordered those goods and services, nor does he allege that they were ever provided to him.

The court in *Gullen* addressed similar allegations, rejecting the plaintiff's attempt to establish personal jurisdiction by asserting that Facebook was "registered to do business [in Illinois]" and "ha[d] a sales and advertising office here." 2016 WL 245910, at *2. Judge Alonso reasoned that these "contacts have no relationship to the suit, which arises from Facebook's alleged *collection of biometric data* from a photo, not from its sales, marketing, or other business activity in Illinois." *Id.* (emphasis added). The same is true here: Defendants' sale of goods and services in response to customer orders "have no relationship to the suit" over Shutterfly's photo-recognition program—especially inasmuch as they do not relate to the plaintiff himself. Any such sales cannot support the exercise of personal jurisdiction in this case.

## 2. Shutterfly Does Not Target Any Conduct At Illinois.

In any event, none of the conduct described in plaintiff's complaint—both related and unrelated to his claim—is *targeted* towards Illinois specifically. *See, e.g.*, *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("a defendant must in some way target the forum state's market" to subject itself to personal jurisdiction). As this Court explained, the goods and services provided to Illinois subscribers are "available in all fifty states and internationally." Order at 2. That is true of the photo-tagging feature as well, which Shutterfly users around the world can access simply by using the defendants' platform.

For similar reasons, the *Gullen* court was not swayed by the plaintiff's parallel allegation that Facebook "target[ed] its facial recognition technology to . . . Illinois" because—as the plaintiff in that case had alleged—"Facebook use[d] facial recognition technology on *every* user-uploaded photo." 2016 WL 245910, at *2 (emphasis added). "Given this tacit admission that Facebook's alleged collection of biometric information is not targeted at Illinois residents, [this] 'contact' becomes simply that Facebook operates an interactive website available to Illinois residents." *Id.* And as *Gullen* further recognized, "the Seventh Circuit has rejected the notion that an online merchant's operation of an interactive site is sufficient to confer specific jurisdiction on it in every state from which the site can be accessed." *Id.*; *see Advanced Tactical*, 751 F.3d at 803 ("the operation of an interactive website does not show that the defendant has formed a contact with the forum state"); *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004) ("Premising personal jurisdiction on the maintenance of a website . . . would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country."). Shutterfly's website is likewise accessible across the country.

In sum, each of the contacts cited by the Court in support of its personal-jurisdiction ruling were (1) not created by the defendants, (2) not related to plaintiff's suit, and/or (3) not targeted towards Illinois. Because *Walden* holds that specific jurisdiction does not exist unless the asserted contacts (1) are created by the defendants, (2) are suit-related, and (3) are specifically targeted at the forum state, the Court should reconsider its decision.

## II. IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY THIS CASE FOR AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b).

If the Court does not wish to reconsider its decision, defendants respectfully request that the Court certify this case for an interlocutory appeal under 28 U.S.C § 1292(b). Certification is appropriate when three circumstances are present: the "order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C § 1292(b); *see Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434-35 (7th Cir. 1992). All of these criteria are satisfied here.

### A. Whether Specific Jurisdiction Exists Is A "Controlling Question Of Law."

"[A] question is controlling" if it is "serious to the conduct of the litigation, either practically or legally." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). The presence or absence of personal jurisdiction is a "controlling" question. *See, e.g.*, *People ex rel. Madigan v. Hemi Grp., LLC*, 2008 WL 5383354, at *1 (C.D. Ill. Dec. 19, 2008) (court's decision that "Defendant's Internet activities provided a basis for specific jurisdiction . . . involved a controlling question of law"); *Bunn-O-Matic Corp. v. Bunn Coffee Serv. Inc.*, 1998 WL 633638, at *2 (C.D. Ill. May 22, 1998) (personal jurisdiction was a "controlling question of law" because if the court's "conclusions [we]re incorrect, and assuming Defendants appealed, this Court's decision would be reversed and the Court would have to allow Defendant's motion to dismiss").

9

Here, if the Seventh Circuit were to disagree with this Court's conclusion that personal jurisdiction exists, that would require reversal of this Court's order and dismissal of the case.

> **B.     The Conflict Between This Court's Decision And *Gullen* Demonstrates That There Is At Minimum "Substantial Ground For Difference Of Opinion" About The Existence Of Personal Jurisdiction.**

Courts have held that a decision creates a "substantial ground for difference of opinion" when it conflicts with decisions of other courts—particularly courts within the same Circuit. *See, e.g.*, *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013) ("A substantial ground for difference of opinion exists [ ] when . . . a difference of opinion exists within the controlling circuit . . . ." (alteration omitted)); *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) ("The requirement that [ ] a substantial ground exist may be met when . . . there is conflicting authority on the issue."), *abrogated in part on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 212 F. Supp. 2d 903, 909-10 (S.D. Ind. 2002) (analysis of the "substantial ground" criterion includes "examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification").

Such grounds exist here. The court in *Gullen*—faced with a materially indistinguishable question of personal jurisdiction, in a case involving the same plaintiff's counsel and similar allegations about facial-recognition software—came to a conclusion directly opposite to that of this Court. Notably, the plaintiff in *Gullen* submitted this Court's order as supplemental authority. Judge Alonso presumably considered that decision but determined based on *Walden* and *Advanced Tactical* that a different outcome was warranted. *Gullen* demonstrates that the question is at least susceptible to a different reasonable view.

### C. A Successful Interlocutory Appeal By Shutterfly Would Terminate The Litigation In This Court.

Finally, resolution of this issue would "materially advance the ultimate termination of the litigation." Simply put, if the Seventh Circuit decides that the Court lacks personal jurisdiction over defendants, the litigation in this court would be dismissed and thereby come to an end. *See, e.g.*, *In re Lodholtz*, 769 F.3d 531, 532 (7th Cir. 2014) (granting § 1292(b) petition alleging that correction of a ruling would "expedite the resolution of the entire litigation—in fact end it"); *Madigan*, 2008 WL 5383354, at *1 (holding that appeal of ruling on whether "Defendant's Internet activities provided a basis for specific jurisdiction" would "materially advance the ultimate termination of the litigation"); *Wellons, Inc. v. Sia Energoremonts Riga, Ltd.*, 2013 WL 5913266, at *1 (W.D. Wash. Nov. 4, 2013) ("Reversal of the court's order declining to dismiss for lack of personal jurisdiction would terminate the action in this court, thus materially affecting the action's outcome."); *Cmty. Trust Bancorp., Inc. v. Cmty. Trust Fin. Corp.*, 2011 WL 2020246, at *4 (E.D. Ky. May 24, 2011) ("A reversal of the Court's decision on the issue of whether the plaintiff has made a prima facie showing of personal jurisdiction over the Defendant would completely terminate this action and bar any further proceedings, thus, eliminating the need for discovery and a trial. Therefore, the Court finds that this litigation may be materially advanced by certifying the issue of personal jurisdiction for interlocutory appeal.").

That is precisely what happened in *Gullen*—after dismissing the case for lack of personal jurisdiction, Judge Alonso entered final judgment for Facebook. The same relief would be warranted here if the Seventh Circuit agrees with defendants on the personal-jurisdiction issue.

## CONCLUSION

The Court should reconsider its order denying defendants' motion to dismiss for lack of personal jurisdiction. Alternatively, the Court should certify the case for an interlocutory appeal under Section 1292(b).

Date: February 1, 2016                      By: /s/ *Lauren R. Goldman*

                                       Lauren R. Goldman
                                       MAYER BROWN LLP
                                       1221 Avenue of the Americas
                                       New York, NY 10020
                                       Telephone: (212) 506-2647
                                       lrgoldman@mayerbrown.com

                                       Archis A. Parasharami
                                       MAYER BROWN LLP
                                       1999 K Street, N.W.
                                       Washington, D.C. 20006-1101
                                       Telephone: (202) 263-3328
                                       aparasharami@mayerbrown.com

                                       Matthew Provance
                                       MAYER BROWN LLP
                                       71 South Wacker Drive
                                       Chicago, IL 60606-4637
                                       Telephone: (312) 782-0600
                                       Facsimile: (312) 701-7711
                                       mprovance@mayerbrown.com

                                       *Counsel for defendants Shutterfly, Inc.*
                                       *and ThisLife.com, Inc.*