**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SHUTTERFLY, INC. and THISLIFE.COM, INC.,<br><br>*Defendants*. | Civil Case No. 15 C 05351<br><br>District Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Daniel G. Martin |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION TO COMPEL
DEFENDANTS TO FILE ANSWERS"**

Defendants Shutterfly, Inc. and ThisLife.com, Inc. (collectively, "Shutterfly") respectfully submit that plaintiff's "Motion to Compel Defendants to File Answers" (Dkt. 56) is an unnecessary imposition on this Court's time. The Court should grant Shutterfly an extension to file its answers by February 8, 2015—**the 10-day extension that Shutterfly asked for, and received, from plaintiff's counsel in writing**. *See* Dkt. 56-1 ("Ex. A").

1. The undersigned counsel for Shutterfly filed their initial appearances in this case last Wednesday, January 27, 2016, shortly after being retained by Shutterfly. *See* Dkt. 46-49.

2. On January 28, 2016, the day after filing his appearance, new counsel for Shutterfly (Archis A. Parasharami) spoke with counsel for plaintiff (Kyle A. Shamberg) to discuss matters pending in the case and to obtain an extension of Shutterfly's date to answer the complaint following the Court's Order (Dkt. 41) denying Shutterfly's motion to dismiss. Mr. Shamberg sent an email to Mr. Parasharami later that day "follow[ing] up with you on our

conversation earlier this afternoon" and confirming, "**As to defendants' answers' . . . , we can agree to a 10-day extension for each**." Ex. A at 1.

3. In accordance with Fed. R. Civ. P. 6, 10 days from January 28, 2016, the date of Mr. Shamberg's email, is Monday, February 8, 2016. Shutterfly therefore reasonably understood and relied upon Mr. Shamberg's email as confirming plaintiff's agreement to a 10-day extension of Shutterfly's answer date up to and including February 8, 2016.

4. On February 1, 2016, Shutterfly filed a motion seeking reconsideration of the Court's ruling denying its motion to dismiss for lack of personal jurisdiction. *See* Dkt. 53-55. After the motion was filed, at approximately 1:15 p.m. (CST), counsel for Shutterfly (Mr. Parasharami) received a telephone call from Frank S. Hedin, another of plaintiff's counsel who was *not* present for the parties' telephone conference on January 28, 2016. Mr. Hedin stated to Mr. Parasharami that he was calling to inform him that the 10-day extension offered by Mr. Shamberg via email was intended by plaintiffs to run from January 13, 2016, the date upon which plaintiffs claim that Shutterfly's answer was due under Fed. R. Civ. P. 12(a)(4)(A), and therefore Shutterfly's answers were due on January 25, 2016. *See* Dkt. 56 at 1-2 (¶¶ 3-6).

5. In response, Mr. Parasharami reiterated his understanding that Shutterfly's answers were due on February 8, per the parties' agreement and written correspondence, and that Shutterfly intended to file its answers at that time. Mr. Parasharami offered to enter into a written stipulation confirming that Shutterfly's answers would be filed by February 8. Mr. Hedin refused, reneging on the parties' agreement, and plaintiff filed this motion to compel approximately 45 minutes later.

6. As the foregoing makes clear, plaintiff is contending in his motion that on January 28, 2016, Mr. Shamberg offered Shutterfly an extension to file its answers by January 25 (**three**

**days before the date that Mr. Shamberg made the offer**), and that Shutterfly should have understood Mr. Shamberg's email as a nonsensical offer for an extension that had already lapsed. Plaintiff's interpretation of these events is neither plausible nor indicative of good faith.

7. Plaintiff does not seek to hold Shutterfly in default under Fed. R. Civ. P. 55, nor could he on the record before the Court. Instead, plaintiff seeks an order compelling Shutterfly to file its answers "immediately" and in advance of the parties' upcoming February 3, 2015 status conference. *See* Dkt. 56 at 2 (¶ 9).

8. Upon being retained and entering their appearances last Wednesday, counsel for Shutterfly have apprised themselves of the case, prepared and filed several motions and related papers, and are now working diligently to prepare Shutterfly's answers to the complaint. However, counsel need more than 36 hours, as plaintiff is now demanding, to prepare responsive pleadings. The modest extension that Shutterfly reasonably believed that it had obtained from plaintiff in writing—making answers due February 8, 2016—is sufficient. Nor will the extension delay these proceedings or result in any prejudice to plaintiff: the difference between February 8 and February 3 is, of course, only five days.

## CONCLUSION

For the reasons set forth herein, the Court deny plaintiff's motion to compel and allow defendants Shutterfly, Inc. and ThisLife.com, Inc. an extension up to and including February 8, 2016 to file their answers, and grant defendants such other and further relief as the Court deems just and proper.

Dated: February 1, 2016 

Respectfully submitted,

By: */s/ Lauren R. Goldman*
   Lauren R. Goldman

-3-

MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3328
aparasharami@mayerbrown.com

Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
mprovance@mayerbrown.com

*Counsel for Defendants Shutterfly, Inc. and ThisLife.com, Inc.*