UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SHUTTERFLY, INC. and THISLIFE.COM, INC.,<br><br>*Defendants*. | Civil Case No. 15 C 05351<br><br>District Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Daniel G. Martin |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO MAINTAIN STAY OF DISCOVERY**

As defendants demonstrated in their motion to stay discovery pending resolution of their motion to dismiss (Dkt. 37), there are several reasons for the Court to stay discovery pending its ultimate determination of whether it can exercise personal jurisdiction over Shutterfly: (1) resolving the threshold question of personal jurisdiction could result in dismissal of plaintiff's claims in their entirety; (2) plaintiff will suffer no prejudice from a brief stay of discovery while personal jurisdiction issues are decided; and (3) the equities weigh strongly in favor of staying discovery until challenges to the pleadings are resolved. *See generally id.* at 3-6. On December 17, 2015, the Court stayed all discovery in this matter pending resolution of Shutterfly's motion to dismiss. *See* Dkt. 40. The stay has not yet been lifted, and should be maintained.

The same reasons why this Court stayed all discovery pending resolution of Shutterfly's motion to dismiss also warrant a brief continuation of the stay while the Court considers Shutterfly's motion for reconsideration. Defendants respectfully submit that the Court's December 29, 2015 Order (Dkt. 41) denying Shutterfly's motion to dismiss for lack of personal

jurisdiction is in conflict with the U.S. Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 1115 (2014), and the Seventh Circuit's decision in *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014), as well as a recent decision by Judge Alonso in *Gullen v. Facebook.com, Inc.*, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016), dismissing nearly identical claims brought against an Internet company on personal jurisdiction grounds. *See* Mot. for Reconsideration at 1-2, 3-9.[1] Shutterfly therefore asks the Court to reconsider its ruling and dismiss the complaint in its entirety for lack of personal jurisdiction or, in the alternative, to certify the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See id.* at 9-11.

**I.      COURTS ROUTINELY STAY DISCOVERY PENDING RESOLUTION OF THRESHOLD CHALLENGES TO PERSONAL JURISDICTION.**

This Court has discretion to maintain its stay of all discovery in this matter pending resolution of Shutterfly's motion for reconsideration. Courts in this District routinely find good cause to stay discovery in similar circumstances pending resolution of motions to dismiss and other potentially dispositive motions. *See* Mot. to Stay Discovery (Dkt. 37) at 3-5 (citing authority).[2]

---

[1]     The undersigned counsel entered their appearances for Shutterfly last Wednesday, January 27, 2016, shortly after being retained to represent Shutterfly in this matter. *See* Dkt. 46-49. Upon their retention, counsel prepared and filed Shutterfly's motion for reconsideration as quickly as possible, three business days later. Shutterfly commits to abide by any expedited briefing schedule as may be entered by the Court in order to facilitate prompt resolution of its motion for reconsideration.

[2]     *See, e.g.*, *Coss v. Playtex Products, LLC*, 2009 WL 1455358, at *5 (N.D. Ill. May 21, 2009); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *1 (N.D. Ill. Oct. 28, 2008); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005); *Cataldo v. City of Chicago*, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002); *Hill v. Amoco Oil Co.*, No. 97 C 7501, 2001 WL 293628, at *6 (N.D. Ill. Mar. 19, 2001); *Cemail v. Viking Dodge, Inc.*, 1997 WL 359962 (N.D. Ill. June 17, 1997); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993).

As Judge Lefkow held in *Desotech*, such stays of discovery "are granted with some frequency," 2008 WL 4812440, at *2, and "[a]bsent circumstances presenting a compelling need for prompt discovery—as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness—the . . . principles underlying *Twombly* counsel in favor of" a stay, *id.* at *3 (citation omitted); *see also Dillinger, LLC v. Elec. Arts, Inc.*, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010) (observing that "[f]ollowing the Supreme Court's . . . adoption of a more rigorous pleading standard to spare defendants the costs of discovery into meritless claims, such stays [of discovery] issue with even greater frequency").

Further, courts have repeatedly recognized that staying discovery pending resolution of threshold challenges to personal jurisdiction is particularly appropriate in view of the "benefit to staying discovery on the merits until challenges to jurisdiction are resolved." *Sparks Tune-Up Centers, Inc. v. Strong*, 1993 WL 410067, at *2 (N.D. Ill. Sept. 16, 1993 (citing authority); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 337 ("Stays are often deemed appropriate where the motion to dismiss can resolve the case . . . , *or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity*." (emphasis added)).[3] If personal jurisdiction is lacking, any further proceedings in this Court would be invalid.

---

[3] Decisions from other courts nationwide are in accord. *See, e.g.*, *Lofton v. Bank of Am. Corp.*, 2008 WL 2037606, at *1 (N.D. Cal. May 12, 2008) ("Courts may stay discovery on non-jurisdictional matters when a defendant raises jurisdictional questions."); *Estate of Nunez-Polanco ex rel. Shapiro v. Boch Toyota, Inc.*, 2004 WL 2063406, at *1 (D. Conn. July 21, 2004) (staying discovery pending resolution of a motion to dismiss attacking personal jurisdiction and noting that the Second Circuit has "held that jurisdictional discovery is not appropriate when the plaintiff has not made a prima facie case for the exercise of personal jurisdiction"); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) ("Courts in other circuits have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending.").

## II. SHUTTERFLY'S MOTION FOR RECONSIDERATION ESTABLISHES GOOD CAUSE TO MAINTAIN THE BRIEF STAY OF ALL DISCOVERY PREVIOUSLY ENTERED BY THE COURT.

The prompt filing of Shutterfly's motion for reconsideration establishes good cause for the Court to maintain its stay of discovery while the motion is resolved. Shutterfly's motion seeks reconsideration on a narrow but important (and purely legal) issue of personal jurisdiction, implicating binding precedent from both the *Supreme* Court (*Walden*) and the Seventh Circuit (*Advanced Tactical*), as well as a potential conflict with another recent decision from within this District (*Gullen*). *See* Mot. for Reconsideration at 1-2, 3-9. Plaintiff did not cite *Walden* in his opposition brief, and this binding precedent was not addressed by the Court in its ruling on Shutterfly's motion to dismiss. *See id.* at 2.

The Court's reconsideration of these issues could "dispose of the case in its entirety" through dismissal of plaintiff's complaint for lack of personal jurisdiction. *Sprague*, 149 F.R.D. at 578. Moreover, even if this Court concludes that reconsideration is not warranted, defendants submit that there is strong reason—in light of the sharp conflict between this Court's holding and Judge Alonso's holding in *Gullen*—for this Court to certify this case for interlocutory appeal. *See* Mot. for Reconsideration at 9-11. Under either outcome, these proceedings would be terminated—or in the case of an interlocutory appeal, presumably stayed (*see, e.g.*, *Thrasher-Lyon v. CCS Commercial, LLC*, 2012 WL 5389722, at *4 (N.D. Ill. Nov. 2, 2012))—and no discovery would be necessary or appropriate.

The burden on plaintiff resulting from a brief extension of a discovery stay already entered in this case is minimal, and no actual prejudice would result.[4] On the other hand, the

---

[4] For example, Shutterfly has implemented an appropriate protocol to retain documents and electronically stored information potentially subject to discovery in this case, no preliminary or provisional relief is being sought by plaintiff, and we have no reason to anticipate any particular

burden on Shutterfly to proceed with discovery in a putative class action is significant, as is the prejudice that would result from being compelled to engage in discovery when there is strong reason to believe that personal jurisdiction is lacking.

Finally, it appears that significant disputes may arise concerning the appropriate scope and breadth of discovery and the timing and sequence for that discovery. Even though the initial Rule 26(f) conference has not yet taken place, plaintiff has already propounded 35 separate document requests and 11 interrogatories on each defendant; as Federal Rule of Civil Procedure 26(d)(2)(B) makes clear, those requests are not considered served until the Rule 26(f) conference. Moreover, plaintiff's counsel has advised Shutterfly that he intends to serve a Rule 30(b)(6) notice of deposition. A brief extension of the existing discovery stay may well obviate the need for the parties and the Court to resolve likely disputes over plaintiff's requested discovery.

## CONCLUSION

For the reasons set forth above, Shutterfly's motion should be granted, and the Court should maintain the stay of all discovery (and discovery-related deadlines) in this matter pending resolution of Shutterfly's motion for reconsideration of the Court's order denying its motion to dismiss for lack of personal jurisdiction.

Dated: February 1, 2016

Respectfully submitted,

By: */s/ Lauren R. Goldman*
    Lauren R. Goldman
    MAYER BROWN LLP
    1221 Avenue of the Americas
    New York, NY 10020

---

difficulties in producing appropriate witnesses on behalf of Shutterfly for depositions later in the event that the stay is lifted and discovery proceeds. *Cf. Desotech*, 2008 WL 4812440, at *3.

Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3328
aparasharami@mayerbrown.com

Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
mprovance@mayerbrown.com

*Counsel for Defendants Shutterfly, Inc.
and ThisLife.com, Inc.*

AMECURRENT 719511939.5 01-Feb-16 14:07

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 37.2

In compliance with Local Rule 37.2, counsel for defendants Shutterfly, Inc. and ThisLife.com, Inc. (collectively, "Shutterfly") has conferred in good faith with plaintiff's counsel in an unsuccessful effort to reach agreement on Shutterfly's request to maintain the stay of all discovery in this matter pending resolution of Shutterfly's motion for reconsideration. The parties conferred via telephone on February 1, 2016 (before this motion was filed), at 1:15 p.m. (CST), through participation by the following counsel: Archis A. Parasharami, Mayer Brown LLP, for Shutterfly; and Frank S. Hedin, Carey Rodriguez Milian Gonya, LLP, for Plaintiff.

Following the conference, the parties were unable to reach agreement on the issue of staying discovery. Shutterfly thereafter advised plaintiff's counsel that this motion would be filed with the Court.

By: */s/ Lauren R. Goldman*
     Lauren R. Goldman