## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRIAN NORBERG, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SHUTTERFLY, INC. and THISLIFE.COM, INC.,<br><br>*Defendants*. | Civil Case No. 15 C 05351<br><br>District Judge Charles R. Norgle, Sr.<br><br>Magistrate Judge Daniel G. Martin |

### DEFENDANTS' ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Shutterfly, Inc. and ThisLife.com, Inc. (collectively "Defendants"), by and through their attorneys, hereby submit their Answer and Affirmative Defenses in response to the First Amended Class Action Complaint (the "Complaint") of plaintiff Brian Norberg ("Plaintiff"). **By answering this Complaint, Defendants do not waive their defense of personal jurisdiction, and instead expressly reiterate their preservation of the argument that personal jurisdiction is improper here.**

For ease of reference, in this Answer Defendants use the section headings included in the Complaint, but specifically deny any and all allegations and inferences of wrongdoing that may be contained in those headings. Defendants further state as follows:

### NATURE OF ACTION

1. Defendants operate several e-commerce and social networking websites that offer a wide range of electronic and print-based photo storage and photo sharing services. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendants in collecting, storing and using Plaintiff's and other similarly situated

individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without informed written consent, in direct violation of the BIPA.

ANSWER: Defendants admit that they operate several e-commerce and social networking websites that offer a wide range of electronic and print-based photo storage and photo sharing services, and admit that Plaintiff has filed this lawsuit. Defendants deny that they engaged in any illegal actions or violations of the Illinois Biometric Information Privacy Act ("BIPA"). Defendants deny Plaintiff's purported definitions of statutory terms listed in footnotes 1 and 2 of Paragraph 1.

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

ANSWER: Defendants maintain that BIPA's statutory language speaks for itself and deny the allegations in Paragraph 2 to the extent they inaccurately quote from and/or mischaracterize the statute.

3. In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which was recently selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias," 740 ILCS 14/5(b) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Shutterfly and its wholly owned subsidiary ThisLife may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the

---

[1]     A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry," among others.

[2]     "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publically available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a).

ANSWER:  Defendants maintain that BIPA's statutory language and legislative history speak for themselves, and that to the extent Paragraph 3 of the Complaint states legal conclusions, no response is required.  To the extent that any further response is required, Defendants deny the allegations in Paragraph 3 to the extent they inaccurately quote from and/or mischaracterize the statute.

4.      In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of the BIPA, Defendants are actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of millions of unwitting individuals who are not users of Shutterfly.

ANSWER:  Defendants deny the allegations in Paragraph 4.

5.      Specifically, Defendants have created, collected and stored millions of "face templates" (or "face prints") – highly detailed geometric maps of the face – from millions of individuals, many thousands of whom are non Shutterfly users residing in the State of Illinois. Defendants create these templates using sophisticated facial recognition technology that extracts and analyzes data from the points and contours of faces appearing in photos uploaded by their users.  Each face template is unique to a particular individual, in the same way that a fingerprint or voiceprint uniquely identifies one and only one person.

ANSWER:  Defendants deny the allegations in Paragraph 5.

6.      Plaintiff brings this action individually and on behalf of all others similarly situated to prevent Defendants from further violating the privacy rights of Illinois residents, and to recover statutory damages for Defendants' unauthorized collection, storage and use of non-users' biometrics in violation of the BIPA.

ANSWER:  Defendants admit that Plaintiff seeks to bring a putative class action and to recover statutory damages, but deny all remaining allegations in Paragraph 6.

## PARTIES

7.      Plaintiff is, and has been at all relevant times, a resident and citizen of Chicago, Illinois.  Plaintiff does not have a Shutterfly or ThisLife account and has never used Shutterfly or ThisLife.

ANSWER:  Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations concerning Plaintiff's residence or citizenship, whether Plaintiff has a

Shutterfly or ThisLife account, or whether Plaintiff has ever used Shutterfly or ThisLife.

8.      Defendant Shutterfly is a Delaware corporation with its headquarters and principal executive offices at 2800 Bridge Parkway, Redwood City, California 94065.  Shutterfly is a citizen of the states of Delaware and California.

ANSWER:  Admitted.

9.      Defendant ThisLife is a wholly owned subsidiary of Shutterfly.  ThisLife is a Delaware corporation with its headquarters and principal executive offices at 629 Emerson Street, Palo Alto, California 94301.  ThisLife is a citizen of the states of Delaware and California.

ANSWER:  Admitted.

## JURISDICTION AND VENUE

10.      Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"), because: (i) the proposed class consists of well over 100 members; (ii) the parties are minimally diverse, as members of the proposed class, including Plaintiff, are citizens of a state different from Defendants' home states; and (iii) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.  There are likely tens of thousands of individuals who, while residing in Illinois, had their photos uploaded to Shutterfly. The estimated number of non Shutterfly users residing in Illinois who were impacted by Defendants conduct multiplied by BIPA's statutory liquidated damages figure ($5,000.00 for each intentional or reckless violation and $1,000.00 for each negligent violation) easily exceeds CAFA's $5,000,000.00 threshold.

ANSWER:  Defendants admit that there is federal subject-matter jurisdiction under the Class Action Fairness Act, but deny that this Court has jurisdiction because this Court lacks personal jurisdiction over Defendants, and otherwise deny the allegations in Paragraph 10.

11.     Venue is proper in this District because Defendants conduct business transactions in this District, and because the causes of action arose, in substantial part, in this District.  Venue is also proper because Plaintiff resides in this District.

ANSWER:  Defendants deny that venue is proper in this District because venue is improper whenever a court lacks personal jurisdiction, and this Court lacks personal jurisdiction over Defendants.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's residence or citizenship.

## FACTUAL BACKGROUND

### I.     Biometric Technology Implicates Consumer Privacy Concerns

12.     "Biometrics" refers to unique physical characteristics used to identify an individual.  One of the most prevalent uses of biometrics is in facial recognition technology, which works by scanning an image for human faces (or scanning an actual person's face), extracting facial feature data based on specific "biometric identifiers" (*i.e.*, details about the face's geometry as determined by facial points and contours), and comparing the resulting "face template" (or "faceprint") against the face templates stored in a "face template database." If a database match is found, an individual may be identified.

ANSWER:  Defendants deny the allegations in Paragraph 12.

13.     The use of facial recognition technology in the commercial context presents numerous consumer privacy concerns.  During a 2012 hearing before the United States Senate Subcommittee on Privacy, Technology, and the Law, Senator Al Franken (D-MN) stated that "there is nothing inherently right or wrong with [facial recognition technology, but] if we do not stop and carefully consider the way we use [it], it may also be abused in ways that could threaten

basic aspects of our privacy and civil liberties."[3] Senator Franken noted, for example, that facial recognition technology could be "abused to not only identify protesters at political events and rallies, but to target them for selective jailing and prosecution."[4]

ANSWER:   Defendants lack sufficient information to admit or deny whether the

allegations in Paragraph 13 accurately reflect statements made by Senator Franken, and

otherwise deny the allegations in Paragraph 13.


14.   The Federal Trade Commission ("FTC") has raised similar concerns, and recently released a "Best Practices" guide for companies using facial recognition technology.[5]  In the guide, the Commission underscores the importance of companies obtaining affirmative consent from consumers before extracting and collecting their biometric identifiers and biometric information from digital photographs.

ANSWER:   Defendants lack sufficient information to admit or deny whether the

allegations in Paragraph 14 accurately summarize the FTC's statements, and otherwise deny the

allegations in Paragraph 14.


15.   As explained below, the Defendants in this case made no effort whatsoever to obtain consent from unwitting third parties when they introduced their facial recognition technology.  Not only do Defendants' actions fly in the face of FTC guidelines, they also violate the privacy rights of Illinois residents.

ANSWER:  Defendants deny the allegations in Paragraph 15.

---

[3]      *What Facial Recognition Technology Means for Privacy and Civil Liberties: Hearing Before the Subcomm. on Privacy, Tech. & the Law of the S. Comm. on the Judiciary*, 112th Cong. 1 (2012) (available at https://www.eff.org/files/filenode/jenniferlynch_eff-senate-testimony-face_recognition.pdf).

[4]      *Id.*

[5]      *Facing Facts: Best Practices for Common Uses of Facial Recognition Technologies*, Federal Trade Commission (Oct. 2012), *available at* http://www.ftc.gov/sites/default/files/documents/reports/facing-facts-best-practices-common-uses-facial-recognition-technologies/121022facialtechrpt.pdf.

## II.     Illinois's Biometric Information Privacy Act

16.     In 2008, Illinois enacted the BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.  The BIPA makes it unlawful for a company to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers[6] or biometric information, unless it first:

> (1)     informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2)     informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3)     receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

ANSWER:  Defendants maintain that BIPA's statutory language and legislative history speak for themselves and deny the allegations in Paragraph 16 to the extent they inaccurately quote from and/or mischaracterize the statute, and otherwise deny the allegations in Paragraph 16.

17.     Section 15(a) of the BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

---

[6]     The BIPA's definition of "biometric identifier" expressly includes information collected about the geometry of the face (*i.e.*, facial data obtained through facial recognition technology). *See* 740 ILCS 14/10.

ANSWER: Defendants maintain that BIPA's statutory language speaks for itself and deny the allegations in Paragraph 17 to the extent they inaccurately quote from and/or mischaracterize the statute.

18.     As alleged below, Defendants' practices of collecting, storing and using unwitting non-users' biometric identifiers and information without informed written consent violate all three prongs of §15(b) of the BIPA. Defendants' failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of their nonusers' biometric information also violates §15(a) of the BIPA.

ANSWER: Defendants deny the allegations in Paragraph 18.

## III.     Defendants Violate the Biometric Information Privacy Act

19.     In a slideshow released by Shutterfly to accompany its Q2 2013 earnings conference call, Shutterfly claimed that, as of mid-2013, its users store "~20 billion photos" in the company's photo database, and that its facial recognition technology identifies people appearing in those photos by way of "photo ranking algorithms" and "advanced image analysis."[7] Shutterfly's' website further explains that its ThisLife photo storage and sharing platform "make[s] face tagging quick and easy with our facial recognition [technology],"[8] which "automatically recognizes faces (even babies and kids!) and puts them in groups to make it fast and easy for you to tag."[9]

ANSWER: Defendants maintain that the slideshow document and website speak for themselves and deny the allegations in Paragraph 19 to the extent they inaccurately quote from and/or mischaracterize the document and website, and otherwise deny the allegations in Paragraph 19.

---

[7]     *See* http://files.shareholder.com/downloads/SHUT/267971935x0x681010/36F643F1-5FC2-4E47-BFE3-AB8BBF7A91DE/Q2FY13_Earnings_Presentation.pdf (last visited June 12, 2015).

[8]     *See* http://blog.thislife.com/post/65531549805/introducing-the-new-thislife-r-by-shutterfly (last visited June 12, 2015).

[9]     *See* https://www.thislife.com/#features (last visited June 12, 2015).

20.     Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of the BIPA, Defendants' proprietary facial recognition technology scans every user-uploaded photo for faces, extracts geometric data relating to the unique points and contours (*i.e.,* biometric identifiers) of each face, and then uses that data to create and store a template of each face – all without ever informing anyone of this practice.

ANSWER:  Defendants deny the allegations in Paragraph 20.


21.     Shutterfly holds several patents covering its facial recognition technology that detail its illegal process of scanning photos for biometric identifiers and storing face templates in its database without obtaining informed written consent.

ANSWER:  Defendants admit that Shutterfly "holds several patents covering its facial recognition technology" but otherwise deny the allegations in Paragraph 21.


22.     The "tag suggestion" feature of ThisLife – which prompts a user to "tag" a pre-selected name to a particular face – works by comparing the face templates of individuals who appear in newly-uploaded photos with the facial templates already saved in Defendants' face database.  Specifically, when a Shutterfly or ThisLife user uploads a new photo, Defendants' sophisticated facial recognition technology creates a template for each face depicted therein, without consideration for whether a particular face belongs to a Shutterfly user or unwitting non-user, and then compares each template against Defendants' face template database.  If no match is found, the user is prompted to "tag" (*i.e.*, identify by name) a person to that face, at which point the face template and corresponding name identification are saved in Defendants' face database.  However, if a face template is generated that matches a face template already in Defendants' face database, then ThisLife suggests that the user "tag" to that face the name already associated with that face.

ANSWER:  Defendants deny the allegations in Paragraph 22.


23.     These unique biometric identifiers are not only collected and used by Defendants to identify individuals by name, but also to recognize their gender, age, race and location. Accordingly, Defendants also collect "biometric information" from non-users.  *See* 740 ILCS 14/10.

ANSWER:  Defendants deny the allegations in Paragraph 23.

24.     In direct violation of § 15(b)(2) and 15(b)(3) of the BIPA, Defendants never informed unwitting non-users tagged by their users of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendants obtain a written release from any of these individuals.

ANSWER:  Defendants deny the allegations in Paragraph 24.

25.     In direct violation of § 15(a) of the BIPA, Defendants do not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying non-users' biometric identifiers or information.

ANSWER:  Defendants deny the allegations in Paragraph 25.

**IV.     Plaintiff Brian Norberg's Experiences**

26.     Plaintiff does not have a Shutterfly or ThisLife account and has never used Shutterfly or ThisLife.

ANSWER:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and on that basis deny the allegations in Paragraph 26.

27.     In or about February 2015, a Shutterfly user uploaded at least one (1) photo of Plaintiff to Shutterfly in the course of creating a wedding invitation.

ANSWER:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     Upon upload of the photo(s) of Plaintiff in February 2015, Shutterfly automatically scanned and analyzed Plaintiff's face, extracted his biometric identifiers (such as geometric data relating to the unique contours of his face and the distances between his eyes, nose and ears), and then used those biometric identifiers to create a template of his face.

ANSWER:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     On or about June 7, 2015, the same Shutterfly user uploaded approximately ten (10) more photos of Plaintiff to Shutterfly's ThisLife service.

ANSWER:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.     Upon upload of the first photo of Plaintiff to ThisLife, Shutterfly automatically scanned and analyzed Plaintiff's face, extracted his biometric identifiers (such as geometric data relating to the unique contours of his face and the distances between his eyes, nose and ears), and then used those biometric identifiers to create a template of his face.

ANSWER:  Defendants deny the allegations in Paragraph 30.

31.     Shutterfly then prompted the Shutterfly user who uploaded these photos to ThisLife to "tag" Plaintiff's face, at which point the user tagged the name "Brian Norberg" to Plaintiff's face in the first photo.  Plaintiff's face template was then associated with the name "Brian Norberg" and stored in Defendants' face template database.

ANSWER:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.     The face templates created and stored from Plaintiff's biometric identifiers were also used by Shutterfly to recognize Plaintiff's gender, age, race and location.

ANSWER:  Defendants deny the allegations in Paragraph 32.

33.     For each subsequent photo of Plaintiff uploaded to ThisLife by the Shutterfly user, ThisLife (1) created a face template using Plaintiff's biometric identifiers; (2) compared that face template to the previous face templates stored in Defendants' face template database, and (3) suggested that the ThisLife user "tag" Plaintiff's face with the name "Brian Norberg". At the suggestion of ThisLife, the Shutterfly user tagged the name Brian Norberg to each such photo.

ANSWER:  Defendants deny the allegations in Paragraph 33.

34.     Plaintiff never consented, agreed or gave permission – written or otherwise – to either Defendant for the collection or storage of the biometrics identifiers or biometric information associated with his face template.

ANSWER:  Defendants deny that they have collected, stored, or used any "biometric identifier" or "biometric information" associated with Plaintiff, and on that basis deny the allegations in Paragraph 34.

35.     Further, Defendants never provided Plaintiff with nor did he ever sign a written release allowing Defendants to collect or store the biometric identifiers or biometric information associated with his face template.

ANSWER:  Defendants deny that they have collected, stored, or used any "biometric identifier" or "biometric information" associated with Plaintiff, and on that basis deny the allegations in Paragraph 35.

36.     Likewise, Defendants never provided Plaintiff with an opportunity to prohibit or prevent the collection, storage or use of the biometric identifiers associated with his face template.

ANSWER:  Defendants deny that they have collected, stored, or used any "biometric identifier" or "biometric information" associated with Plaintiff, and on that basis deny the allegations in Paragraph 36.

37.     Nevertheless, when a Shutterfly user uploaded photos of Plaintiff to ThisLife, ThisLife scanned those photos, located his face, determined who he was based on his biometric identifiers, and created and assigned to him a unique face template, which Defendants associated with Plaintiff's name and subsequently stored in their face template database.

ANSWER:  Defendants deny the allegations in Paragraph 37.

## CLASS ALLEGATIONS

38. **Class Definition**:  Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All non Shutterfly users who, while residing in the State of Illinois, had their biometric identifiers, including "face templates" (or "face prints"), collected, captured, received, or otherwise obtained by Shutterfly.

The following are excluded from the Class: (1) any Judge presiding over this action and members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which a Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

ANSWER:  Defendants admit that Plaintiff has set forth a definition of a proposed class in Paragraph 38.  Defendants deny that this action may be properly maintained as a class action, that the definition is appropriate or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  Defendants otherwise deny the allegations in Paragraph 38.

39. **Numerosity**:  The number of persons within the Class is substantial, believed to amount to thousands of persons.  It is, therefore, impractical to join each member of the Class as a named Plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning the number of absent members of the putative class.  Defendants deny that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  To the extent the allegations of this Paragraph are conclusions of law, no response is required, but to the extent a

response is required, Defendants deny them.  Defendants otherwise deny the allegations in

Paragraph 39.

40.     **Commonality and Predominance**:  There are well defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a)     whether Defendants collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(b)     whether Defendants properly informed Plaintiff and the Class that they collected, used, and stored their biometric identifiers or biometric information;

(c)     whether Defendants obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometrics identifiers or biometric information;

(d)     whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometrics information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e)     whether Defendants used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(f)     whether Defendants' violations of the BIPA were committed intentionally, recklessly, or negligently.

ANSWER:  Defendants deny that this action may be properly maintained as a class

action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  To the

extent the allegations of this Paragraph are conclusions of law, no response is required, but to the

extent a response is required, Defendants deny them.  Defendants otherwise deny the allegations

in Paragraph 40.

41.     **Adequate Representation**:  Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action.  Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.  Plaintiff is able to fairly and adequately represent and protect the interests of such a Class.  Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims.  If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

ANSWER:  Defendants deny that Plaintiff is an adequate representative of the putative class and further deny that class counsel are adequate to serve as class counsel.  Defendants deny that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  To the extent the allegations of this Paragraph are conclusions of law, no further response is required, but to the extent a response is required, Defendants deny them.  Defendants otherwise deny the allegations in Paragraph 41.

42.     **Superiority**:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the Court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action.  Class wide relief is essential to compel compliance with the BIPA.

ANSWER:  Defendants deny that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23. Defendants deny that class treatment would be superior to other methods of adjudication to compel compliance with the BIPA and further deny that Plaintiff's allegations under BIPA have

any merit.  To the extent the allegations of this Paragraph are conclusions of law, no further response is required, but to the extent a response is required, Defendants deny them.  Defendants otherwise deny the allegations in Paragraph 42.

### FIRST CAUSE OF ACTION
### Violation of 740 ILCS 14/1, *et seq.*
### (On Behalf of Plaintiff and the Class)

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

ANSWER:  Defendants incorporate their responses and denials as to the foregoing allegations.

44.     The BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . . 740 ILCS 14/15(b) (emphasis added).

ANSWER:  Defendants maintain that BIPA's statutory language speaks for itself and deny the allegations in Paragraph 44 to the extent they inaccurately quote from and/or mischaracterize the statute.

45.     Shutterfly and ThisLife are Delaware corporations and thus qualify as "private entities" under the BIPA.  *See* 740 ILCS 14/10.

ANSWER:  Defendants admit that they are Delaware corporations.  The remaining allegations of this Paragraph are conclusions of law, and therefore no further response is required, but to the extent a response is required, Defendants deny them.

46.     Plaintiff and the Class members are individuals who had their "biometric identifiers" collected and stored by Defendants' facial recognition software (in the form of their facial geometries extracted from uploaded digital photographs).  *See* 740 ILCS 14/10.

ANSWER:  Defendants deny the allegations in Paragraph 46.

47.     Plaintiff and the Class members are individuals who had their "biometric information" collected by Defendants (in the form of their gender, age, race and location) through Defendants' collection and use of their "biometric identifiers".

ANSWER:  Defendants deny the allegations in Paragraph 47.

48.     Defendants systematically and automatically collected, used, and stored Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

ANSWER:  Defendants deny the allegations in Paragraph 48.

49.     In fact, Defendants failed to properly inform Plaintiff or the class in writing that their biometric identifiers and/or biometric information was being collected and stored, nor did they inform Plaintiff and the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

ANSWER:  Defendants deny the allegations in Paragraph 49.

50.     In addition, Defendants do not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or the Class members, as required by the BIPA.  *See* 740 ILCS 14/15(a).

ANSWER:  Defendants deny the allegations in Paragraph 50.

51.     By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, the Defendants violated the right of Plaintiff and each Class member to keep private these biometric identifiers and biometric information, as set forth in the BIPA, 740 ILCS 14/1, *et seq.*

ANSWER: Defendants deny the allegations in Paragraph 51.

52. On behalf of himself and the proposed Class members, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) statutory damages of $5,000.00 for the intentional and reckless violation of the BIPA pursuant to 740 ILCS 14/20 (2), or alternatively, statutory damages of $1,000.00 pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

ANSWER: Defendants admit that Plaintiff seeks the damages and other remedies discussed in the allegations in Paragraph 52, but deny that Plaintiff and absent members of the putative class are entitled to any of those damages and remedies.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof not otherwise legally assigned to them, Defendants assert the following separate and additional defenses to the Complaint brought against them:

### FIRST AFFIRMATIVE DEFENSE

### (Personal Jurisdiction)

This Court lacks personal jurisdiction over Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Arbitration)

Upon information and belief, Defendants allege that each of the claims asserted by Plaintiff and/or some members of the putative class is subject to enforceable arbitration

agreements that would require them to resolve their disputes in individual arbitration rather than this Court.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State A Claim Upon Which Relief Can Be Granted)

The Complaint, and each purported cause of action asserted therein, fail to state a claim upon which relief can be granted. Among other deficiencies in the Complaint, the conduct alleged is not prohibited by BIPA.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Upon information and belief, Defendants allege that each of the claims asserted by Plaintiff and/or members of the putative class is barred because Plaintiff or another party acting on his behalf consented to the activities of which he now complains.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches, Res Judicata, Collateral Estoppel)

Upon information and belief, Defendants allege that the Complaint and each purported cause of action asserted therein are barred by the doctrine of laches, the doctrine of res judicata, and/or collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Release)

Upon information and belief, Defendants allege that the Complaint and each purported cause of action asserted therein are barred by a release or waiver of those claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and/or members of the asserted putative classes failed to mitigate the alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff and/or members of the asserted putative classes should be reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each purported cause of action alleged therein is barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

The Complaint and each purported cause of action alleged therein is barred because Defendants' conduct was not the actual or proximate cause of any loss suffered by Plaintiff and/or members of the asserted putative classes.

### TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

No damages or other relief can be recovered by Plaintiff and/or members of the asserted putative class because the Complaint and each purported cause of action alleged therein are barred, in whole or in part, by an applicable contract provision and/or the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each purported cause of action alleged therein is barred by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Acts And/Or Omissions)

Defendants allege that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or members of the asserted putative class, as well as acts and/or omissions of other wireless service providers), and for whose conduct Defendants are not legally responsible, which intervened between the alleged acts and/or omissions of Defendants and the alleged damages of Plaintiff and/or members of the asserted putative class. The alleged damages, if any, are therefore not recoverable from Defendants. In the alternative, any damages which Plaintiff and/or members of the asserted putative class may be entitled to recover against Defendants must be reduced to the extent that such damages are attributable to persons or entities other than Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault or Offset)

Defendants allege that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or members of the asserted putative class, as well as acts and/or omissions of others), and for whose conduct Defendants are not legally responsible. Therefore, if Plaintiff and/or members of the asserted putative class are found to be entitled to recover any of the alleged damages, Defendants' share thereof must be apportioned or reduced to the extent that such damages are attributable to persons or entities other than Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Ascertainable Class)

Defendants allege as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because there is no ascertainable class.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Numerosity)

Defendants allege as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Predominance)

Defendants allege as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Community of Interest – Common Questions of Law and Fact)

Defendants allege as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because there is no well-defined community of interest in or commonality between the questions of law and fact involved in this putative class action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Typicality)

Defendants allege as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because Plaintiff's claims are not typical of the claims of other members of the asserted putative class.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Superiority)

Defendants allege as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because a class action is not superior to other

methods for fairly and efficiently adjudicating this controversy.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Adequate Representation)

Defendants allege as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because neither Plaintiff nor his counsel is able to fairly and adequately protect the interest of all members of the alleged putative class.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Impropriety of Class-Wide Injunctive Relief)

Defendants allege as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because Defendants have not acted or refused to act on grounds that apply generally to the class, and neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the class a whole.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendants allege as an affirmative defense that Plaintiff lacks standing to seek the relief demanded.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Mootness)

Defendants allege as an affirmative defense that the Complaint is barred because Plaintiff's claims and/or those of members of the asserted putative class are moot.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Injunctive Relief)

To the extent Plaintiff is seeking injunctive relief, such relief is barred because Plaintiff has not suffered irreparable harm and/or there is no real or immediate threat of injury.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action.

WHEREFORE, Defendants respectfully request entry of judgment against Plaintiff and in favor of Defendants and that the Court award Defendants any such relief as this Court deems just and appropriate

Dated: February 8, 2016                          Respectfully submitted,

By: */s/ Lauren R. Goldman*
Lauren R. Goldman
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3328
aparasharami@mayerbrown.com

Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
mprovance@mayerbrown.com

*Counsel for Defendants Shutterfly, Inc.
and ThisLife.com, Inc.*