## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BRIAN NORBERG, on behalf of himself
and all others similarly situated,

      *Plaintiff*,

v.

SHUTTERFLY, INC. and
THISLIFE.COM, INC.,

      *Defendants*.

Civil Case No. 15 C 05351

District Judge Charles R. Norgle, Sr.

Magistrate Judge Daniel G. Martin

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendants Shutterfly, Inc. and ThisLife.com, Inc. (collectively "Shutterfly") respectfully oppose plaintiff's motion to strike their affirmative defenses. Much of plaintiff's motion is now mooted by Defendants' contemporaneously-filed amended answer. And what remains of plaintiff's motion does not warrant the drastic relief that he requests. Accordingly, the motion should be denied in full.

> **A.**      **Shutterfly's Amended Answer Moots A Substantial Portion Of Plaintiff's Motion To Strike.**

Contemporaneously with this opposition brief, Shutterfly has filed an amended answer "as a matter of course" pursuant to Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within 21 days after serving it."). In amending its answer, Shutterfly removed two groups of defenses that plaintiff moved to strike: (1) defenses that formed the basis for Shutterfly's motion to dismiss; and (2) defenses concerning elements on which plaintiff bears the burden of proof and which are

expressly disputed by the denials in Shutterfly's answer. Plaintiff's motion is moot as to these defenses.

*First*, Shutterfly's amended answer does not include the first and third defenses in its original answer: lack of personal jurisdiction and failure to state a claim. Shutterfly maintains that this Court lacks personal jurisdiction over it and that plaintiff's complaint fails to state a claim upon which relief can be granted for all of the reasons set forth in its prior briefing. *See* Mem. in Support of Def. Mot. to Dismiss (Dkt. 26); Reply in Support of Def. Mot. to Dismiss (Dkt. 34); Mem. in Support of Def. Mot. For Recons. (Dkt. 54). Shutterfly acknowledges that this Court has denied those motions and has declined to certify the personal jurisdiction issue for interlocutory appeal. *See* Dkts. 41, 62. In recognition of this Court's rulings, Shutterfly removed those defenses from its amended answer and expressly preserves the issues for appeal. Plaintiff's motion to strike those defenses is therefore moot.

*Second*, Shutterfly removed defenses 9 and 14 through 21 from its answer. The ninth defense asserted a lack of causation, and the other defenses contested whether the class that plaintiff seeks to represent may be certified. Shutterfly originally included those defenses in an excess of caution; plaintiff has correctly termed these defenses "mistitled denial[s]" in recognition of the apparent fact that he, and only he, *bears the burden* of establishing (1) that the class he wishes to represent satisfies the requirements for certification under Rule 23, and (2) that Shutterfly's alleged misconduct was the actual and proximate cause of any loss purportedly suffered by plaintiff and (if class certification is granted) other class members. Shutterfly continues to deny all allegations suggesting that the class plaintiff seeks to represent satisfies Rule 23 or that Shutterfly is liable to anyone for the conduct alleged in the complaint. *See, e.g.*, Amended Answer ¶¶ 38-42 (denying that "this action may be maintained as a class action or that

it otherwise meets the requirements of Federal Rule of Civil Procedure 23"). By doing so, Shutterfly has preserved its positions. Accordingly, plaintiff's motion to strike defenses 9 and 14 through 21 should also be denied as moot.

> **B.    Plaintiff's Motion Does Not Support Striking The Defenses That Remain In Shutterfly's Amended Answer.**

The remaining portion of plaintiff's motion should be denied. "In general, motions to strike affirmative defenses are disfavored, and will be denied unless it appears certain 'that plaintiffs would succeed despite *any* state of the facts which could be proved in support of the defense.'" *Godfrey v. Kurtzwell*, 2015 WL 6756289, at *1 (N.D. Ill. Nov. 5, 2015) (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)) (emphasis added). As to all but one of Shutterfly's remaining defenses (addressed below), plaintiff has not even attempted to make such a showing—he contends that Shutterfly's defenses are insufficiently specific but does not challenge their merit.

Plaintiff's motion is particularly suspect not only because it targets literally every single one of Shutterfly's defenses, but also because it does so before any meaningful discovery has occurred. "A motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact, *especially where, as here, there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed*." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) (emphasis added). Accordingly, "[a] motion to strike an affirmative defense will not be granted if the defense is sufficient as a matter of law or presents questions of law or fact." *Hydra-Stop, Inc. v. Severn Trent Envtl. Servs., Inc.*, 2003 WL 22872137, at *5 (E.D. Ill. Dec. 3, 2003) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). All of the defenses in Shutterfly's amended answer easily

satisfy these standards, and plaintiff's motion falls well short of establishing grounds for "a drastic remedy, which is disfavored and seldom granted." *Riemer*, 275 F.R.D. at 494.

*First*, all of the defenses are pled with more than sufficient particularity to put plaintiff on "fair notice of [their] nature and bas[es]" in accordance with Rule 8. *See id.* at 495. Plaintiff asserts, for example, that what are now Shutterfly's first (arbitration), second (consent), fourth (release), sixth (unclean hands), and eighth (waiver) defenses are all inadequately pled. *See* Pl. Mot. at 8-11. Shutterfly's amended complaint makes clear, however, that those defenses revolve around two particular aspects of plaintiff's claim that require factual development: (1) the extent to which plaintiff was aware of, consented to, and/or participated in the uploading and "tagging" of photographs about which he now complains; and (2) the extent to which plaintiff is bound by the actions of the registered user who he alleges was responsible for uploading and "tagging" those photographs. Until discovery commences, Shutterfly cannot reasonably be expected to plead these defenses with any more specificity: Plaintiff affirmatively withheld the identity of the registered user that he alleges uploaded and "tagged" photographs of him in the Complaint, and Shutterfly had to plead its defenses broadly enough to cover the claims of unknown putative members of a class that has yet to be certified.

*Second*, numerous courts have declined to strike defenses pled in a similar manner under similar circumstances. For example:

    *a.*    *Intervening Acts and/or Omissions.* Plaintiff seeks to strike what is now Shutterfly's ninth defense, which asserts that "all or part of the damages alleged in the Complaint were caused by the acts or omissions of other persons or entities . . . for whose conduct Defendants are not legally responsible." *See* Pl. Mot. at 12. In *Tooley v. Washington Group International, Inc.*, 2009 WL 5511212 (C.D. Ill. Aug. 17, 2009), the court refused to strike an

almost identical defense. The court rightfully recognized that, like here, "what [p]laintiff seem[ed] to want [was] more information about who Defendants believe proximately caused Plaintiff's injuries and why, and, perhaps, who Defendants intend to sue in third party proceedings." *Id.* The court "agreed with Defendants that it [was] too early to expect Defendants to provide this information." *Id.*

b. *Lack of Standing; Mootness.* Plaintiff also seeks to strike what are now Shutterfly's eleventh and twelfth defenses: standing and mootness. *See* Pl. Mot. at 12-13. But in support of his argument, plaintiff cites to a case that itself *denied motions to strike* those very defenses. *See Wiley v. For Eyes Optical Co.*, 2011 WL 5515524, at *3-4, *6 (N.D. Ill. Nov. 10, 2011) (declining to "require further factual details in support of [defendant's] second defense [of lack of standing] at this stage of litigation" and holding that "[w]hile the [defendant's] seventh defense [of mootness] is lacking in factual detail, the gist of the defense is clear").

c. *Other defenses*. Other cases underscore that similar reasoning applies to the remaining affirmative defenses. *See, e.g.*, *CDM Media USA, Inc. v. Simms*, 2015 WL 3484277 (N.D. Ill. June 1, 2015) (denying motion to strike defense that "claims are barred by 'applicable statutes of limitations[,] laches, estoppel, release and waiver'"—"there are no real efficiencies to be gained in striking them now, because discovery on these issues would likely be permitted"); *Malibu Media, LLC v. Reeves*, 2013 WL 5487424, at *2 (S.D. Ind. Sept. 27, 2013) (denying motion to strike defense very similar to what is now Shutterfly's thirteenth defense regarding injunctive relief because it was "an attack on the elements of Plaintiff's claim for injunctive relief and thus is valid").

*Third*, and relatedly, several of the defenses that plaintiff asks the Court to strike present questions of law that the Court cannot and should not address at this juncture until there is an

opportunity for further factual development and appropriate briefing. For example, plaintiff asks the Court to strike what is now Shutterfly's fifth defense regarding the failure to mitigate damages because, "although courts have allowed such a defense without alleging additional facts 'where discovery has barely begun,' the striking of that defense is appropriate now because Norberg is only seeking statutory damages, which he has no duty to mitigate." Pl. Mot. at 14 (internal citation omitted). But plaintiff cites to no authority—let alone binding authority— regarding whether a BIPA claim can be subject to a failure-to-mitigate defense. In fact, a number of cases hold that such a defense is cognizable where statutory damages are sought. *See id.* (acknowledging the contrary decision in *Malibu Media, LLC v. Tashiro*, 2014 WL 5488810, at *2 (S.D. Ind. Oct. 29, 2014) (recognizing that "several other district court cases . . . have held otherwise" and agreeing with their reasoning)). A motion to strike is not the proper vehicle for deciding a disputed question of law, and plaintiff's attempt to short-circuit the process by which such questions are decided should be rejected.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike should be denied.

Date: February 29, 2016                    By:  /s/ *Lauren R. Goldman*

Lauren R. Goldman
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3328
aparasharami@mayerbrown.com

Matthew Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile:  (312) 701-7711
mprovance@mayerbrown.com

*Counsel for defendants Shutterfly, Inc.*
*and ThisLife.com, Inc.*